34 N.Y.2d 827 (1974)
In the Matter of Jewish Reconstructionist Synagogue of the North Shore, Inc., Appellant,
v.
David M. Levitan et al., Constituting the Zoning Board of Appeals of the Incorporated Village of Roslyn Harbor, Respondents. Robert Gold et al., Intervenors-Respondents.
Court of Appeals of the State of New York.
Argued May 7, 1974.
Decided June 12, 1974.
John M. Farrell, Jr., C. Ellis Schiffmacher and Stephen G. Limmer for appellant.
George C. Pratt and Samuel S. Tripp for respondents.
Kenneth S. Diamond for intervenors-respondents.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES, WACHTLER, RABIN and STEVENS concur in memorandum.
*828 MEMORANDUM.
Respondents' motion to dismiss the petition raised only the issue of the power of the Board of Appeals to grant the special permit sought by the synagogue. We agree *829 with the determinations below that the board had no such power or authority.
The Village Board of Trustees delegated authority to the Zoning Board of Appeals to grant special permits for religious and educational uses. That delegation, however, mandated a 100-foot side-yard setback restriction as to each such special permit. Here the synagogue requested a special permit without the side-line setback. Under the delegation the Board of Appeals had authority only to grant special permits on the conditions prescribed by the Village Board; it had no power or authority to waive or to modify any of the explicit conditions laid down by the Village Board (cf. Matter of Texas Co. v. Sinclair, 304 N.Y. 817, affg. 279 App. Div. 803; Matter of Plotinsky v. Gardner, 15 A D 2d 563; Matter of Lynch v. Gardner, 15 A D 2d 562; Matter of Board of Educ. v. Wolf, 10 A D 2d 713).
There is not presented here any issue as to the power of the Board of Appeals to grant variances under section 7-712 (formerly § 179-b) of the Village Law or otherwise. As to the distinction between a special permit and a variance (see, e.g., 2 Anderson, New York Zoning Law and Practice [2d ed.], § 18.02).
In the procedural posture in which this case comes to us we do not reach any constitutional issue. We note, however, the pendency of a related action for a declaratory judgment in which presumably all such issues will be ventilated.
Order affirmed, without costs.