■ In the Matter of INDEPENDENT CHURCH OF THE REALIZATION OF THE WORD OF GOD, INC., Appellant, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF MUTTONTOWN, Respondent, and RICHARD M. SYKES, as President of the Linden Lane Association, Intervenor-Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Incorporated Village of Mutton-

town, denying petitioner's application for a special use permit, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated February 1, 1980, which dismissed the petition. Judgment affirmed, with costs. Robert and Tina Sohn, husband and wife, purchased a 40-room house situated on 14.2 acres of land in the Village of Muttontown in August, 1975. The area is zoned residential with a two-acre minimum building lot. The Sohns were notified in May, 1977 by attorneys for the village that their use of the premises was in violation of the building zone ordinance. In June, 1977 their attorney responded that they were using the premises in compliance with the ordinance. In November, 1977 the Sohns conveyed the premises to petitioner, the Independent Church of the Realization of the Word of God, Inc. Petitioner was incorporated under the New York Religious Corporations Law in June, 1974. The location given in its certificate of incorporation is Far Rockaway, Queens. A detailed description of petitioner is not required in light of our analysis of this case. For purposes of this appeal it more than suffices to say that the principles espoused by petitioner may not be neatly subsumed under the tenets of any one of what might be regarded by some as the traditional Western religions. On March 30, 1978 petitioner made application for a special use permit to use the subject property as "a religious retreat house and church with facilities for 40-50 permanent occupants." In December, 1978, following public hearings held in June and August, 1978, the respondent board of zoning appeals voted to deny the application. Essentially the board found that the petitioner's requested use of the premises "[did] not fit within the requirements of the *** Ordinance for churches or retreat houses" and that it had no power to vary or modify those requirements or specifications. Petitioner then commenced this article 78 proceeding, alleging that the board's decision was arbitrary, capricious and unconstitutional. Petitioner maintained that it is "a bona fide religious institution entitled to special status, and neither regulatory legislation nor administrative decision may operate to exclude it from the Incorporated Village of Muttontown." Special Term ruled in favor of the respondent board and dismissed the petition. The court concluded that the use being made of the premises and for which approval was sought "is as a multiple residence community of families and individuals whose adult members have differing vocations but who share a common spiritual purpose", which was not a use permitted by the ordinance. We affirm. The testimony of Robert Sohn on behalf of petitioner made it eminently clear that the subject premises are not to be used as a "church for public worship" since the building is not generally open to the public for worship or any other purpose, and that the number of its permanent occupants as a "retreat house" would exceed 10, the number permitted by the zoning ordinance. Therefore, the respondent board was correct in its determination that the petitioner did not meet the requirements for a special permit under the subject ordinance. In this regard, we reject petitioner's contention that the ordinance authorizes issuance of permits for "strictly religious uses" that are not related to use of the premises as a "church for public worship" or "retreat house", so that the petitioner's use may be permitted under the ordinance even if it is not one of those two uses or related to one of them. Thus, the board properly denied petitioner's application since it did not have the power to vary or modify the requirements for a special use permit (see *Matter of Jewish Reconstructionist Synagogue of North Shore v Levitan*, 34 NY2d 827). In light of this analysis, we are also compelled to observe that since the board's determination that petitioner's use of the premises was not one of the uses permitted by·the ordinance was not improper, so much of the determination of the

board as related to whether petitioner espouses a "religion" is irrelevant and surplusage. Further, like Special Term, we decline to resolve petitioner's claims insofar as they challenge the constitutionality of the ordinance, either on its face or as applied. The instant article 78 proceeding in which the board of zoning appeals is the sole respondent is not a proper vehicle for the resolution of such claims (see *Matter of Jewish Reconstructionist Synagogue of North Shore v Levitan, supra,* p 829; cf. *Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283; see, also, *Matter of Westchester Reform Temple v Brown,* 22 NY2d 488; *Matter of Community Synagogue v Bates,* 1 NY2d 445; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508; *Matter of American Friends of Soc. of St. Pius v Schwab,* 68 AD2d 646, motion for lv to app den 48 NY2d 611; *Matter of Unitarian Universalist Church of Cent. Nassau v Shorten,* 63 Misc 2d 978). Finally, petitioner's contention that the board deliberated in violation of section 98 of the Public Officers Law, which requires open meetings, is without merit (see *Matter of Orange Pub. Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, affd 45 NY2d 947). Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.