■ In the Matter of CATHEDRAL OF THE INCARNATION, Respondent, v JAMES L. GLIMM et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Garden City which denied petitioner's application for a special permit, the appeal is from a judgment of the Supreme Court, Nassau County (Vitale, J.), entered August 19, 1982, which granted the application, annulled the determination and remitted the matter to the board of appeals for a new determination in accordance with its decision. Judgment reversed, on the law, with costs, determination confirmed and proceeding dismissed on the merits. A recent amendment to the Code of Ordinances of the Incorporated Village of Garden City (Local Laws, 1983, No. 1 of Inc. Vil. of Garden City, Code of

Ordinances of Inc. Vil. of Garden City, § 200.16D) prohibits dual uses in certain zoned districts. We must apply that amendment to this matter (see *Matter of Farrell v Board of Zoning & Appeals,* 77 AD2d 875). The property in question is located in one of the restricted zones. The proposed use of part of St. Mary's School as the billing office for a hospital is clearly a separate and distinct use from the present use as a school. Since the school will continue to operate in the same building as the proposed office, resulting in a dual use, the proposed use is barred by section 200.16D of the ordinance. Furthermore, even apart from the recent amendment, the board's determination was proper. Pursuant to the village zoning ordinance the off-street parking for the special use proposed by the petitioner was required to be on the same plot as the St. Mary's School (Code of Ordinances of Inc. Vil. of Garden City, § 729.1). The board had no authority "to waive or modify the explicit conditions laid down in the town code" (*Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld,* 91 AD2d 190, 195; see *Matter of Jewish Reconstructionist Synagogue v Levitan,* 34 NY2d 827; *Matter of Independent Church of Realization of Word of God v Board of Zoning Appeals,* 81 AD2d 585). The board was therefore required to determine whether the off-street parking requirement of the zoning ordinance had been satisfied. As part of its determination the board interpreted the definition of "plot" contained in section 211.1 of the Code of Ordinances of the Incorporated Village of Garden City, holding that land bisected by a roadway is not a single plot within the meaning of the definition. That construction should have been accepted by the court. As this court recently noted: "The law is well settled that the construction of a statute by the administrative body charged with the duty of interpreting its provisions should be accorded great weight" (*Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld,* 91 AD2d 190, 196, *supra*). The land in question is divided by Cathedral Avenue, with parking on one side and St. Mary's School on the other. The board, based on its interpretation of the term "plot", determined that the petitioner had not satisfied the condition of providing parking on the same plot as the proposed special use and denied the application. That determination should not have been annulled. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.