■ In the Matter of DENNIS ACTON et al., Appellants, v DONALD WALLACE et al., Constituting the Board of Building and Zoning Appeals of the City of Albany, et al., Respondents. —Harvey, J. Appeal from an amended judgment of the Supreme Court at Special Term (Cholakis, J.), entered April 25, 1985 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a

determination of the Board of Building and Zoning Appeals of the City of Albany granting respondents Daniel A. Lanzetta, III, and Richard L. Gerrity the requisite approvals to construct a garden apartment building.

Respondents Daniel A. Lanzetta, III, and Richard L. Gerrity applied to the Board of Building and Zoning Appeals of the City of Albany (Board) for a special use permit and several area variances to construct a 24-unit apartment building on land located between Lancaster and Chestnut Streets in Albany. The site is in an area commonly referred to as "Center Square", a district listed on the National Register of Historic Places. It is also a district which has been zoned "R-3 (H) Multiple-Family Residential District" in the city's zoning ordinance. The permitted uses in that zone are one- and two-family dwellings, but garden apartments are allowed upon the granting of a special use permit by the Board. At the time of petitioners' application, the property consisted of a vacant lot which has previously accommodated a number of row houses. The surrounding area is predominantly improved by row houses with multiple-family occupancy.

Petitioners are 33 residents and owners of property in the area and the Center Square Association, a domestic not-for-profit corporation. Petitioners have steadfastly opposed the granting of a permit and have made their opposition known at a multitude of hearings and public meetings. After the Board issued a special use permit· and all but one of the area variances sought, petitioners commenced this CPLR article 78 proceeding to annul the Board's determination. Special Term denied the demanded relief and dismissed the petition. This appeal by petitioners ensued.

The first issue raised is the contention that there was a failure to comply with the requirements of the State Environmental Quality Review Act (ECL art 8). The proposed action in the instant proceeding is a "type I" action by virtue of the fact that it occurs wholly within a historic district (6 NYCRR 617.12 [b] [9]). Petitioners assert that because of that classification, an environmental impact statement (EIS) was required, and the Board's failure to obtain one was noncompliance sufficient to warrant the annulment of the special use permit.

Although a requirement for an EIS is more likely in type I actions than in other less environmentally significant cases, it *is not required in all type I actions (see, Devitt v Heimbach, 58 NY2d 925, 927-928).* An EIS is only required where the lead agency determines, in its judgment, that the project may have

a significant effect on the environment. The Board, which was the lead agency, found that the project would not have a significant effect on the environment. Its decision was made after having given a "hard look" at all relative aspects of the project such as drainage, parking, aesthetics, facade, density, lawn and play areas, social and economic concerns, and the recommendations of community groups. Its decision in this regard was supported by substantial evidence.

Petitioners also argue that the environmental assessment form (EAF) was improperly prepared and that its filing was untimely. They contend that it should not have been made out by the applicants. However, the regulation requires that it be completed by the applicant (6 NYCRR 617.3 [d]). The EAF was submitted on December 4, 1984, and the Board acted on December 21, 1984. The filing was timely. After a complete review of the record, we conclude that the Board sufficiently complied with the ECL.

We also do not find merit in petitioners' contention that the Board acted in violation of the provisions of the city's zoning ordinance. The principal argument made by petitioners is that the proposed building cannot properly be considered a garden apartment under the provisions of the ordinance. Petitioners' contention is that the approved plans do not include any provision for lawn and play areas. The ordinance defines only two types of apartments. One is an elevator apartment with more than three stories and the other is a garden apartment of three or fewer stories. Within the definitional portion of the ordinance, in addition to the definition of garden apartments, the text states that "such apartment building shall provide off-street parking, lawn and play areas". The Board, which has the authority and responsibility of interpreting the ordinance, concluded that there was no requirement that the lawn and play area be on the premises. This court has a limited review function (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231-232; Webster Assoc. v Town of Webster, 85 AD2d 882, 884-885, revd 59 NY2d 220). After reviewing the record in this case, we cannot say that the Board's interpretation of the ordinance was erroneous as a matter of law.

Petitioners also contend that the Board acted in excess of its authority in granting several area variances. Before granting a variance, the Board must determine (1) that the property is unique, (2) that the application of the ordinance would result in an unnecessary hardship to the applicant, and (3) that the granting of the variance would not be materially detrimental to the other property in the neighborhood. The variances

granted were very minor adjustments as to the total number of square feet per unit, the number of parking spaces and the setback requirements of the ordinance. The Board's decisions were supported by substantial evidence (*see, Matter of Cowan v Kern,* 41 NY2d 591; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309) and were in furtherance of the over-all objectives of the city's zoning ordinance.

From our perspective, we conclude that the Board fully and completely considered every aspect of the application and made decisions based upon reasoned judgment.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.