■ In the Matter of DENIS McMAHON et al. Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF WAPPINGER, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Wappinger, dated February 14, 1984, which denied the petitioners' application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Coppola, J.), dated May 22, 1984, which dismissed the proceeding on the merits.

Judgment affirmed, with costs.

The petitioners purchased the subject property consisting of 20 acres in 1972, and have resided, with their family, in a

house on the property since that time. The property was also improved with a wooden barn, which the petitioners converted into a public chapel in 1978 or 1979. The conversion took place without the town's knowledge or permission. At all relevant times, the property has been zoned R-20, or residential. Places of worship are permitted principal uses in an R-20 zone, subject to special use permit approval.

The Zoning Board of Appeals denied the petitioners' application for such a special use permit on the ground, *inter alia,* that the zoning ordinance permits only one principal use on any one lot and the residential use and religious use would constitute two principal uses. The Board rejected the petitioners' contention that their residential use of the property has become so ancillary and subordinate to the religious functions as to render it an accessory use to the primary religious use.

The record contains substantial evidence to support the Board's factual finding, and therefore we affirm the judgment dismissing the proceeding. The Board was not empowered to waive compliance with the ordinance, and there is no basis in this record to annul the determination denying a permit for second principal use *(see, Matter of Cathedral of Incarnation v Glimm,* 97 AD2d 409, *affd* 61 NY2d 826; *Matter of Independent Church of Realization of Word of God v Board of Zoning Appeals,* 81 AD2d 585, *lv denied* 54 NY2d 609).

The petitioners' constitutional challenges based on the 1st Amendment are not properly before this court. A proceeding pursuant to CPLR article 78 instituted solely against a zoning board of appeals is not the appropriate vehicle in which to raise such claims *(see, Matter of Jewish Reconstructionist Synagogue v Levitan,* 34 NY2d 827; *Matter of Independent Church of Realization of Word of God v Board of Zoning Appeals, supra).* We cannot convert the proceeding to a declaratory judgment action because the town itself is not a party. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.