■ In the Matter of JOHN DEL VECCHIO, Appellant, v PETER LALLA et al., Constituting the Zoning Board of Appeals of the City of Cortland, et al., Respondents.—Levine, J. Appeal from two judgments of the Supreme Court (Bryant, J.), entered November 20, 1986 and December 12, 1986 in Cortland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the City of Cortland denying petitioner's request for a special use permit.

Petitioner is the contract-vendee of real property located within the City of Cortland, Cortland County. Several years ago petitioner began operating a tavern/restaurant/dancehall known as the Peppermill on this lot. In addition, six apartment units were recently constructed over the Peppermill. In February 1986, petitioner applied to the city's Zoning Board of Appeals (hereinafter the Board) for a special use permit to build and operate a car wash on this same parcel. At a public hearing on his application petitioner's traffic expert was unavailable to testify, so petitioner withdrew his application and resubmitted it in April 1986. A hearing was then held on June 9, 1986. At the Board's next meeting on June 25, 1986, petitioner's application was denied on the ground that the addition of a car wash on the Peppermill lot would violate a provision of the city's Zoning Ordinance which allows only certain accessory uses in conjunction with a lot's primary use. Petitioner commenced this CPLR article 78 proceeding to review the Board's determination. Supreme Court confirmed the Board's decision and dismissed the petition. This appeal ensued.

At the outset, we reject petitioner's contention that the Board's decision denying him the special use permit was arbitrary and capricious. According to petitioner, since nothing in the city's Zoning Ordinance prohibits multiple *primary* uses, the Board erred in denying his application solely upon the ground that the proposed use was not an allowable accessory one under section 17-90 (b) (46) of the city's Zoning Ordinance, which provides that: "Only the following accessory uses will be permitted: those accessory uses customarily incidental to the principal uses and including customary services within the building, provided that such services are for patrons of the principal use of the building and there is no external evidence of such services ̨or signs advertising the same." The Board determined that where a primary use was already in place on a lot, any additional uses requiring approval of the Board were to be limited to allowable accessory uses. Construing the Zoning Ordinance to permit multiple primary uses through resort to the special permit provisions of the ordinance would effectively nullify the provision pertaining to accessory uses. Where, as here, the Board's determination reflects a reasonable interpretation of the Zoning Ordinance, it will be upheld *(see, e.g., Matter of Acton v Wallace,* 112 AD2d 581, 583, *affd* 67 NY2d 953; *Matter of Cathedral of Incarnation v Glimm,* 97 AD2d 409, 410, *affd* 61 NY2d 826). Thus, the fact that petitioner might otherwise qualify for a special use permit does not entitle him to the proposed combination of uses on this lot. We also reject petitioner's contention that the Board's decision must be annulled because it failed to set forth sufficient findings of fact or the rationale underlying its decision.

In our view, however, petitioner is entitled to an annulment of the Board's decision and a new hearing on the ground that the hearing held on his application was not before a quorum of Board members. The Board was required to hold a public hearing on petitioner's application for a special use permit (City of Cortland Zoning Ordinance § 17-231 [b]; *see,* 12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 318, at 339). In addition, section 17-202 of the city's Zoning Ordinance requires five members to be present "for the conduct of business before the Board". In holding a hearing on petitioner's application, the Board was clearly conducting business. It is undisputed, however, that at the commencement of petitioner's hearing on June 9, 1986, respondent Peter Lalla, the Board's chairman, disqualified himself and departed, leaving only four Board members in attendance. The Board's failure

to provide the quorum required by the city's own ordinance entitled petitioner to a new hearing on his application.

Judgments reversed, on the law, without costs, determination annulled, and matter remitted to the Zoning Board of Appeals of the City of Cortland for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.