Benjamin Greshin, Esq. Village Attorney, Head-of-the-Harbor
You have asked whether a quorum of a village's board of trustees must be present at a public hearing regarding a proposed local law.
While case law is sparse on this question, it has been held that quorum requirements apply to public hearings in relation to applications for special use permits and variances (Del Vecchio v Lalla, ___ A.D.2d ___ [3d Dept], 523 N.Y.S.2d 654 [1988]; Matter of Giuliano v Entress, 4 Misc.2d 546
[Sup Ct, Spec Term, Monroe Co, 1957]). We see no reason why a different rule should apply to a hearing on a proposed local law. In the case of a local government which does not have an elected chief executive officer, such as your village, no local law may be passed by the legislative body until a public hearing has been held before that body (Municipal Home Rule Law, § 20 [5]). The Village Law establishes quorum requirements for the transaction of "business" by the board of trustees (§ 4-412 [2]). We believe it is clear that the holding of a public hearing on a proposed local law, as required by State law, constitutes the transaction of business within the meaning of this provision of the Village Law (seeDel Vecchio, supra). Thus, it follows that a quorum of the village's board of trustees must be present to conduct a hearing on a proposed local law.
We conclude that a quorum of a village board of trustees must be present to conduct a hearing on a proposed local law.