■ In the Matter of ORANGE ENVIRONMENT INC., Appellant, v THOMAS JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent, and AL TURI LANDFILL, INC., Intervenor-Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 19, 1989 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Environmental Conservation extending an existing landfill permit of intervenor.

In 1983, Al Turi Landfill, Inc. (hereinafter Turi Landfill), an intervenor in the present proceeding, was issued a permit to construct and operate a landfill in the Town of Goshen, Orange County. Prior to issuing the permit, the Department of Environmental Conservation (hereinafter DEC) conducted an extensive public hearing, then adopted a final environmental impact statement. In 1988, Turi Landfill requested that its original permit be renewed for another five years, that its use be extended an additional 13 acres located within the permitted landfill, and that the permit be modified to allow the facility to accept incinerator ash.

To conform to a 1985 DEC policy, which addressed landfills built over sensitive aquifers, Turi Landfill's permit renewal application proposed that its current use of single composite liners be modified to double composite liners, for the 13-acre extension, to provide additional protection against groundwater contamination. Following review of Turi Landfill's proposals, DEC issued a negative declaration; accordingly, a supplemental environmental impact statement (hereinafter SEIS) was not necessary. DEC accompanied the negative declaration with reasons supporting its determination that the actions proposed would not have a significant effect on the environment. Thereafter, DEC gave interested parties, including a representative of petitioner, a nonprofit corporation composed of interested citizens and community organizations, an opportunity to review and critique the proposed permit actions prior to their implementation. After receiving and considering those comments, DEC decided to renew the Turi Landfill permit subject to the double liner modification.

Claiming that the DEC did not take a "hard look" at the

potential environmental impact and that a SEIS should have been required, petitioner commenced this proceeding to have DEC's determination annulled. Supreme Court dismissed the petition and petitioner now appeals.

Essentially, petitioner's objections to DEC's refusal to issue a SEIS question not the procedure it employed, but rather the conclusion that it reached. A reviewing court's role, however, is not to substitute its judgment for that of the agency *(see, Apkan v Koch,* 75 NY2d 561, 571), but simply to ensure that the agency followed lawful procedures and that the determination is substantially supported by the evidence *(supra,* at 570; *see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530). Here, the negative declaration readily indicates that DEC identified the relevant areas of environmental concern, subjected them to a " ' "hard look" ' " and made a " ' "reasoned elaboration" ' " of the bases for its determination that no SEIS was needed *(see, supra,* at 570; *see also, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). The agency need do no more.

Nor was DEC required to consider the cumulative impact of possible neighboring sources of contamination, another landfill and a sod farm, absent any evidence that these sources related to any long-range comprehensive development plan for either Turi Landfill or another design likely to be undertaken to resolve environmental problems of concern to the municipality *(see,* 6 NYCRR 617.11 [a] [11]; *cf., Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 205-206; *Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 367; *Matter of Village of Westbury v Department of Transp.,* 146 AD2d 578, 580, *affd* 75 NY2d 62). We note also that although petitioner characterizes these neighboring facilities as serious potential sources of contamination to the aquifer, no supporting facts are alleged.

Petitioner suggests that under 6 NYCRR 617.12 (b) (6) (i) the permit renewal must be considered a type I action. This contention has no merit, for the modification to allow the landfill to accept incinerator ash proposed an added use, not a physical alteration of the existing site. Moreover, even were we to conclude that this permit application should properly be characterized as a type I action, a SEIS is only required if the proposed project would significantly affect the environment *(see, Matter of Acton v Wallace,* 112 AD2d 581, 582-583, *affd* 67 NY2d 953); DEC has made a rationally based, record-supported determination that the project will not have such an effect.

Finally, DEC's renewal of the Turi Landfill permit was not so inconsistent with its aquifer protection policy as to render its determination arbitrary and capricious. The permit does not concern the siting of a new or the enlargement of an old landfill, but merely allows expansion of a previously permitted use on an existing landfill. DEC's 1986 addendum to its 1985 policy discouraging new landfill construction over principal aquifers specifically allows Turi Landfill and five other identified facilities already located on sensitive aquifers to develop their sites laterally on condition, relevant here, that they use state-of-the-art double composite technology for all future-based liner placement. This requirement is precisely what the renewal permit accomplishes.

We have examined petitioner's remaining contentions and find them equally unconvincing.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.