■ In the Matter of OMNI PARTNERS, L.P., Respondent-Appellant, v COUNTY OF NASSAU et al., Appellants-Respondents. [654 NYS2d 824] —In a hybrid action for a judgment declaring Nassau County Ordinance Nos. 76-1996 and 77-1996 null and void, and a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Planning Commission, dated April 18, 1996, issuing a negative declaration pursuant

to the State Environmental Quality Review Act (ECL 8-0101 *et seq.*) for a project to make certain improvements at the Mitchel Park Athletic Complex, the County of Nassau, Nassau County Planning Commission, Nassau County Department of Parks and Recreation, and Nassau County Department of Public Works appeal from a judgment of the Supreme Court, Nassau County (DeMaro, J.), entered January 30, 1997, which, *inter alia*, granted the petition and declared Nassau County Ordinance Nos. 76-1996 and 77-1996 null and void and directed the appellants to cease work on the project until they complied with the provisions of the State Environmental Quality Review Act, and the petitioner cross-appeals, as limited by its brief, from so much of the judgment as failed to direct the Nassau County Planning Commission to issue a positive declaration pursuant to the State Environmental Quality Review Act. The notices of appeal and cross appeal from the order dated November 13, 1996, are deemed premature notices of appeal and cross appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is modified, on the law, by adding thereto a provision directing the Nassau County Planning Commission to issue a positive declaration and remitting the matter to the Nassau County Planning Commission for the preparation of an Environmental Impact Statement; as so modified, the judgment is affirmed, with costs to the petitioner.

The subject of this action/proceeding is a 67-acre parcel of property located in Nassau County (hereinafter the County), known as the Mitchel Park Athletic Complex (hereinafter Mitchel Park). In November 1994, the County proposed a project to replace, redesign, and reconstruct the athletic facilities at Mitchel Park. Although the project was initially designated as an "unlisted action" for which a full environmental assessment form (hereinafter EAF) was not required (*see*, 6 NYCRR 617.2 [ak]; 617.6 [a] [3]), the County nevertheless prepared a full EAF. Ultimately, the Supreme Court determined that the project is a "Type I" action, a finding which is not challenged on appeal since the County had already prepared the full EAF required for a "Type I" action (*see*, 6 NYCRR 617.4, 617.6 [a] [2]).

In performing its review of the project pursuant to the State Environmental Quality Review Act (hereinafter SEQRA), the Nassau County Planning Commission (hereinafter the Planning Commission) reviewed the EAF and issued a "negative declaration", finding that the project would have no significant environmental impact, and recommended that no further environmental review or action be required (*see*, 6 NYCRR

617.2 [y]). Thereafter, the County enacted two ordinances, Nassau County Ordinance Nos. 76-1996 and 77-1996, adopting the project and providing funding. Omni Partners, L.P., whose office building abuts Mitchel Park, subsequently commenced this CPLR article 78 proceeding challenging the Planning Commission's determination. The Supreme Court granted the petition to the extent of annulling the negative declaration and declaring the ordinances null and void as violative of SEQRA, but did not direct the issuance of a positive declaration or the preparation of an Environmental Impact Statement (hereinafter EIS).

The primary purpose of SEQRA is " 'to inject environmental considerations directly into governmental decision making' " (*Akpan v Koch*, 75 NY2d 561, 569, quoting *Matter of Coca-Cola Bottling Co. v Board of Estimate*, 72 NY2d 674, 679). To this end, SEQRA mandates the preparation of an EIS when a proposed project "may have a significant effect on the environment" (ECL 8-0109 [2]). Because the operative word triggering the requirement of an EIS is "may", there is a relatively low threshold for the preparation of an EIS (*see, Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397; *Matter of West Branch Conservation Assn. v Planning Bd.*, 207 AD2d 837, 838-839; *Matter of Merson v McNally*, 227 AD2d 487). Further, SEQRA regulations provide that a Type I action, such as the one proposed herein, "carries with it the presumption that it is likely to have a significant adverse impact on the environment and may require an EIS" (6 NYCRR 617.4 [a] [1]; *see, Matter of Merson v McNally, supra*). An EIS is required if the action may include the potential for even one significant adverse environmental impact (*see,* 6 NYCRR 617.7 [a] [1]).

In this case, a review of the EAF reveals several areas of possible significant environmental impact in connection with the proposed project. These include a potential effect on air quality, traffic conditions, water use, sewage, and drainage. Thus, the Planning Commission should have issued a positive declaration and required the preparation of an EIS (*see, Matter of West Branch Conservation Assn. v Planning Bd., supra,* at 841). To confirm the negative declaration in this case would permit the circumvention of SEQRA's comprehensive review process (*see, Matter of Merson v McNally, supra*). Consequently, we conclude that the Planning Commission's determination was not made in accordance with lawful procedure and was arbitrary, capricious, and irrational (*see, Akpan v Koch, supra,* at 570; *Matter of Merson v McNally, supra*). The Supreme Court properly annulled the determination and declared Nassau

County Ordinance Nos. 76-1996 and 77-1996 null and void. The court, however, should have directed the issuance of a positive declaration and remitted the matter to the Planning Commission for preparation of an EIS (*see, Matter of West Branch Conservation Assn. v Planning Bd., supra*). Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.