OPINION OF THE COURT
 

 Ciparick, J.
 

 To improve access to the Pawling Lake Estates community in the adjoining Towns of Beekman and Dover, the Legislature authorized the establishment of a joint street improvement area (L 1993, ch 210). The Towns in turn established the joint improvement district and sold bonds to fund the improvements, the principal and interest payments to be funded by a series of special assessments imposed pursuant to article 15 of the Town Law. In November 1995, the two Town Boards imposed special assessments on the lands within the joint improvement district for 1996. The Town of Beekman failed to hold a hearing on the subject of the special assessments as required by Town Law § 239. The Town of Dover, however, did hold the required hearing and gave notice of it by publication in a local weekly newspaper, in accordance with Town Law § 239. Unaware of the local notice, plaintiff, a Connecticut limited partnership and owner of substantial vacant land in the joint improvement district, did not appear at the hearing to voice its objections.
 

 Upon learning of the special assessment of $44,800 imposed on its property, plaintiff brought this action seeking, among other things, a declaration that the assessment was void based on the Town of Beekman’s failure to hold the hearing required
 
 *519
 
 by Town Law § 239, and challenging the Town of Dover’s notice by publication as inadequate under the Due Process Clause of the 14th Amendment to the0 United States Constitution. Supreme Court held that the Town of Beekman’s failure to hold the required hearing under Town Law § 239 invalidated its assessment. The court, however, granted the Town of Dover’s cross motion for summary judgment, concluding that because imposition of the special assessment did not result in divestiture of plaintiffs title, notice by publication satisfied due process. The Appellate Division affirmed, holding that “mere adoption of an assessment roll” was not the type of proceeding that “will substantially affect an individual owner’s property interest so as to require actual notice prior to [its] adoption” (266 AD2d 187). Plaintiff appeals as of right on constitutional grounds, and we now reverse.
 

 The determination as to what process is constitutionally due does not depend upon a mechanistic or rigid analysis
 
 (Mullane v Central Hanover Bank & Trust Co.,
 
 339 US 306). Instead, the State’s interests and administrative burdens are balanced against the need to safeguard the individual’s interest by requiring actual notice of the specific government action
 
 (id.,
 
 at 314;
 
 Mathews v Eldridge,
 
 424 US 319, 334-335).
 

 In
 
 Matter of McCann v Scaduto
 
 (71 NY2d 164, 176), for example, we held that “where the interest of a property owner will be substantially affected by an act of government, and where the owner’s name and address are known, due process requires that actual notice be given”
 
 (see also, Mennonite Bd. of Missions v Adams,
 
 462 US 791;
 
 Matter of ISCA Enters. v City of New York,
 
 77 NY2d 688;
 
 Congregation Yetev Lev D’Satmar v County of Sullivan,
 
 59 NY2d 418). We see no reason why that rationale should be limited to tax sale or condemnation cases. In this case, like
 
 McCann,
 
 the interest of a property owner was substantially affected by government action, and the owner’s name and address were known. Although the Town of Dover complied with Town Law § 239, which provides only for notice by publication, compliance with this statute under the circumstances presented was inadequate to satisfy due process requirements.
 

 Town Law § 239 provides in pertinent part:
 

 “The assessors or the town board, as the case may be, shall file the assessment-roll when completed, with the town clerk and thereupon it shall be the duty of the town board to cause notice to be
 
 *520
 
 published at least once in a newspaper published within the town, or, if there be none published in the town, then in a newspaper published in the county and having a circulation within the town, that said assessment-roll has been completed, and that at a time and place to be specified therein the town board will meet and hear and consider any objections which may be made to the roll.”
 

 The opportunity to appear and object at the hearing provided for under Town Law § 239 is crucial. Unless a property owner appears at such a hearing and objects to the proposed assessment, the owner will be forever barred from challenging the levy and will be responsible for paying the costs imposed (Town Law § 246). An objector has only 30 days from the date the special assessment is finalized to challenge it (Town Law §§ 239, 246), and here a failure to challenge would eventually result in a lien imposed upon the land. The right to appear and object obviously is meaningless unless the property owner has notice that is reasonably calculated to apprise it of the proceeding. Significantly, the names and addresses of the affected landowners were indisputably known to the Town because they appear on the special assessment roll. There was no showing of other compelling or persuasive reasons, economic or otherwise, why direct notice could not be given
 
 (see, Walker v City of Hutchinson,
 
 352 US 112, 116).
 

 This case parallels
 
 Smith v City of New York
 
 (24 NY2d 782,
 
 affg without opn
 
 30 AD2d 122), which noted the substantial, unexpected expense imposed on landowners who do not receive actual notice of a special assessment for local street improvements. There we affirmed the invalidity of a special assessment for want of actual notice to a railroad that was charged approximately $334,000 for street construction near its property.
 

 Notably, the decision in
 
 Smith
 
 relied on
 
 Wisconsin Elec. Power Co. v City of Milwaukee
 
 (352 US 948), which remanded to the Wisconsin Supreme Court for reconsideration a case very similar to the one before us. The Wisconsin Supreme Court held on remand that notice by publication of proposed special assessments violated due process (275 Wis 121, 81 NW2d 298). Other states that have considered this question have reached the same result
 
 (City of Houston v Fore,
 
 412 SW2d 35 [Tex] [actual notice required for street paving assessments];
 
 Ridenour v County of Bay,
 
 366 Mich 225, 114 NW2d 172;
 
 Fritz v Board of Trustees of Town of Clermont,
 
 253 Ind
 
 *521
 
 202, 252 NE2d 567;
 
 Meadowbrook Manor v City of St. Louis Park,
 
 258 Minn 266, 272, 104 NW2d 540, 544 [“The clear implication of (the Supreme Court’s
 
 Wisconsin Elec.)
 
 decision is that the court felt published notice did not satisfy due process”]).
 

 The Town of Dover nonetheless claims that plaintiff should have known about the 1996 assessments because it challenged the 1995 assessments, which were the first imposed to service the debt of the joint improvement district. Both Towns, however, failed to hold a hearing for the 1995 assessments as required by Town Law § 239; it was only after the imposition of the 1995 special assessment, without a hearing, that plaintiff challenged its validity. Even with knowledge of a previous year’s special assessment, plaintiff had no way of knowing whether the 1996 levy would be substantially different from the year before. Without notice, plaintiff never had the opportunity to object to the methodology employed in imposing the 1996 assessment and should not be compelled to rely on an earlier experience. The continuing nature of the Towns’ obligation under article 15 of the Town Law should not deprive plaintiff of its entitlement to receive actual notice of the scheduled hearing to consider the 1996 special assessment and an opportunity to attend and be heard.
 

 Finally, the Town of Dover claims that requiring actual notice in this case will open the floodgates and require actual notice in the imposition of other taxes. The United States Supreme Court, however, has long distinguished — in terms of due process — between other taxes and special assessments imposed by localities
 
 (Browning v Hooper,
 
 269 US 396;
 
 Londoner v City & County of Denver,
 
 210 US 373). Moreover, plaintiff brings its constitutional challenge only as applied to the 1996 special assessment.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant Town of Dover’s cross motion for summary judgment should be denied and plaintiff’s motion for summary judgment granted. Judgment should be granted declaring the subject special assessment invalid.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur.
 

 Order reversed, with costs, defendant Town of Dover’s cross motion for summary judgment denied, plaintiff’s motion for
 
 *522
 
 summary judgment against the Town of Dover granted and judgment granted declaring the subject special assessment levy invalid.