■ In the Matter of SILVERCUP STUDIOS, INC., et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Appellants. CITY OF NEW YORK, Intervenor-Appellant. [729 NYS2d 47] —In a proceeding pursuant to CPLR article 78 to review determinations of (a) the Power Authority of the State of New York, dated November 20, 2000, which issued a Negative Declaration under the State Environmental Quality Review Act (ECL art 8) regarding the siting, construction, and operation of a natural gas-powered turbine electric generator unit at 42-20 to 42-28 Vernon Boulevard, Long Island City, Queens, and (b) the New York State Department of Environmental Conservation, dated January 12, 2001, which issued the requisite air pollution control permits, the appeal is from a judgment of the Supreme Court, Queens County (Golia, J.), dated April 16, 2001, which granted the petition and annulled

the determinations, enjoined and restrained any and all construction of the sites until the Power Authority of the State of New York has prepared a full environmental impact statement under the State Environmental Quality Review Act, and directed the Power Authority of the State of New York, *inter alia*, to prepare a full environmental impact statement and conduct its environmental review process in accordance with the State Environmental Quality Review Act.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof annulling the determination of the New York State Department of Environmental Conservation issuing air permits for the sites and substituting therefor a provision confirming that determination, and (2) adding a provision thereto staying enforcement of so much of the judgment as enjoined the Power Authority of the State of New York from constructing or operating the subject generating facility until January 31, 2002, to afford the Power Authority of the State of New York an opportunity to expeditiously comply with the State Environmental Quality Review Act, without prejudice to an application in the Supreme Court, Queens County, for a further extension, if necessary; if no extension is requested or if an application for an extension is denied, upon application by the petitioners, the Supreme Court, Queens County, shall vacate this stay; as so modified, the judgment is affirmed, without costs or disbursements.

In August 2000 the Power Authority of the State of New York (hereinafter NYPA) authorized the purchase of 11 "LM-6000" simple cycle gas-powered turbine generators for installation at various sites (hereinafter the Project) (*see, Matter of UPROSE v New York Power Auth.*, 285 AD2d 603 [decided herewith]). One of the sites selected is 42-20 to 42-28 Vernon Boulevard in Long Island City, Queens (hereinafter the Vernon Boulevard site).

In connection with the Project, NYPA prepared an Environmental Assessment Form (hereinafter EAF) pursuant to Environmental Conservation Law article 8 and issued a negative declaration for all the sites on November 20, 2000. Thereafter, following hearings and a period for public comment, the Department of Environmental Conservation (hereinafter DEC) issued the requisite air pollution permits for the facilities, including the Vernon Boulevard site.

The petitioners commenced this proceeding pursuant to CPLR article 78 challenging the negative declaration issued by NYPA for the Vernon Boulevard site. The petitioners also sought to annul, on procedural grounds, the air pollution

control permits issued by the DEC. The Supreme Court annulled the negative declaration issued by NYPA, directed NYPA to issue a positive declaration, to prepare a full environmental impact statement (hereinafter EIS), and enjoined NYPA from proceeding with construction until review under the Environmental Conservation Law (hereinafter SEQRA) was complete. The Supreme Court also annulled the air permits issued by the DEC.

The law is well settled that judicial review of the SEQRA process is limited to whether the determination of the lead agency was made in violation of lawful procedure, was affected by error of law, or was arbitrary and capricious or an abuse of discretion (*see, Akpan v Koch,* 75 NY2d 561, 570; *Matter of City of Rye v Korff,* 249 AD2d 470, 471). Courts may review the record to determine if the agency identified the relevant areas of environmental concern, took a "hard look" at them and made a "reasoned evaluation" of the basis for the determination (*Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *see also, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364). However, a court may not substitute its judgment for that of the agency; it is not the role of the courts to "weigh the desirability of any action or [to] choose among alternatives" (*Matter of Jackson v New York State Urban Dev. Corp., supra,* 67 NY2d at 416).

SEQRA mandates the preparation of an EIS when the proposed project may include the potential for at least one significant environmental effect (*see, Matter of Omni Partners v County of Nassau,* 237 AD2d 440, 442; *Matter of West Branch Conservation Assn. v Planning Bd.,* 207 AD2d 837, 839). "Because the operative word triggering the requirement of an EIS is 'may', there is a relatively low threshold for the preparation of an EIS" (*Matter of Omni Partners v County of Nassau, supra,* 237 AD2d at 442; *see also, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 397; *Matter of Kahn v Pasnik,* 231 AD2d 568, 569; *affd* 90 NY2d 569). Moreover, SEQRA regulations themselves provide that a Type I action, such as the proposed action here, carries the presumption that it is likely to have a significant adverse impact on the environment and may require an EIS (*see,* 6 NYCRR 617.4 [a] [1]).

The EAF reveals several areas of possible significant environmental impact in connection with the proposed project as it relates to the power plant at the Vernon Boulevard site including hazardous materials, historical and archaeological resources, and neighborhood character. In fact, the record reveals that the negative declaration was issued before much

of the documentation concerning those areas of environmental concern was submitted to NYPA (*see, Matter of Tonery v Planning Bd.*, 256 AD2d 1097, 1098). Thus, NYPA should have issued a positive declaration and prepared a full EIS (*see, Matter of Syrop v City Council*, 282 AD2d 466; *Matter of Omni Partners v County of Nassau, supra*, 237 AD2d at 443; *Matter of West Branch Conservation Assn. v Planning Bd., supra*, 207 AD2d at 841; *Matter of Holmes v Brookhaven Planning Bd.*, 137 AD2d 601). Accordingly, the Supreme Court properly annulled the determination issuing a negative declaration and remitted the matter to NYPA for preparation of a full EIS (*see, Matter of Omni Partners v County of Nassau, supra*, 237 AD2d at 443; *Matter of West Branch Conservation Assn. v Planning Bd., supra*, 207 AD2d at 841).

Under the circumstances, since construction has commenced and is practically complete, the injunction granted by the Supreme Court is stayed until January 31, 2002, to afford NYPA an opportunity to comply with SEQRA (*see, Matter of Village of Westbury v Dept. of Transp.*, 146 AD2d 578, *affd* 75 NY2d 62; *Matter of Greenpoint Renaissance Enter. Corp. v City of New York*, 137 AD2d 597, 600; *Golden v Metropolitan Transp. Auth.*, 126 AD2d 128; *H.O.M.E.S. v New York State Urban Dev. Corp.*, 69 AD2d 222).

The Supreme Court erred in vacating the air quality permits issued by the DEC. Contrary to the petitioners' contentions, the period provided by the DEC for public comment and a hearing on the proposed air pollution control permits was in accordance with applicable regulations. For air pollution control permits, the required public comment period is 30 days (*see,* 6 NYCRR 621.5 [d] [6] [i]). Public hearings must commence on or before 90 calendar days after the application is complete (*see,* 6 NYCRR 621.7 [g]). Here, the DEC determined that NYPA's application was complete on November 20, 2000, and on November 22, 2000, the DEC posted notices in various newspapers and on its website. Hearings were held on December 14, 2000, and the public comment period was extended to December 22, 2000. Because the public comments received by the DEC failed to raise "substantive" or "significant" issues (*see,* 6 NYCRR 624.4 [c] [2], [3]), no adjudicatory hearing was warranted (*see,* 6 NYCRR 621.7 [g]). Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.