■ In the Matter of MICHAEL C. COPPOLA et al., Respondents, v GOOD SAMARITAN HOSPITAL MEDICAL CENTER et al., Appellants. [765 NYS2d 888] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Islip Planning Board dated December 9, 1999, granting site plan approval to Good Samaritan Hospital Medical Center, and a determination of the Town of Islip, dated June 9, 2000, granting a building permit to Good Samaritan Hospital Medical Center, Good Samaritan Hospital Medical Center appeals, and the Town of Islip and the Town of Islip Planning Board separately appeal, by permission, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 22, 2002, as amended March 20, 2003, as granted the petition to the extent of annulling the determinations and remitting the matter to the Town of Islip Planning Board for further proceedings consistent with the Supreme Court's order, and enjoined Good Samaritan Hospital Medical Center from operating its relocated emergency room.

Ordered that the order, as amended, is affirmed insofar as appealed from, with one bill of costs, payable by the appellants appearing separately and filing separate briefs.

Good Samaritan Hospital Medical Center (hereinafter the hospital) sought a building permit from the Town of Islip in order to build an addition to one of its buildings. The hospital planned on relocating its emergency room to that building.

The Town conditioned the issuance of the requested building permit on the approval of the hospital's site plan. Eventually, the Town of Islip Planning Board (hereinafter the Board) conditionally approved the site plan. Subsequently, a negative declaration was made indicating that the project would not have a significant adverse effect on the environment (*see* 6 NYCRR 617.2 [y]). The Town thereafter issued the building permit.

The petitioners, one of whom owns a home adjacent to the hospital's land, commenced this proceeding to annul the site plan approval and the building permit and to enjoin the

hospital from operating its emergency room. The Supreme Court granted that relief, and remitted the matter to the Town and the Board for further consideration of the issue of whether the project might have a significant adverse environmental impact, and for a new determination with respect to that issue.

Contrary to the contentions of the hospital and the Board, under the circumstances, the petitioners have standing to maintain the proceeding (*cf. Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 409-410 [1987]), and the proceeding is not time-barred (*see* Town Law § 274-a [11]; *Matter of Allens Cr. / Corbett's Glen Preserv. Group v Town of Penfield Planning Bd.,* 249 AD2d 921, 922 [1998]), or academic (*see Vitiello v City of Yonkers,* 255 AD2d 506, 507 [1998]; *Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 220 [1998]; *Matter of Watch Hill Homeowners Assn. v Town Bd. of Town of Greenburgh,* 226 AD2d 1031, 1032 [1996]; *cf. Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165, 173-174 [2002]; *Matter of Friends of Pine Bush v Planning Bd. of City of Albany,* 86 AD2d 246, 248 [1982], *affd* 59 NY2d 849 [1983]).

Where, as here, an unlisted action is involved (*see* 6 NYCRR 617.2 [ak]), the State Environmental Quality Review Act requires that a determination be made as to whether the action might have a significant adverse impact on the environment (*see* 6 NYCRR 617.2 [m]; 617.6 [a] [3]). If that is the case, then an environmental impact statement must be prepared (*see* ECL 8-0109 [2]). A determination of significant adverse impact will only be upheld if, inter alia, the relevant areas of environmental concern were identified, and a "hard look" at those areas was taken (*see Matter of Merson v McNally,* 90 NY2d 742, 751 [1997]).

One of the relevant areas of environmental concern was the impact that the project would have on traffic in the area. The record demonstrates that the negative declaration was made without a hard look having been taken at the traffic issue. Accordingly, the Supreme Court properly annulled the site plan approval and the building permit and remitted the matter to the Board for further proceedings (*see Matter of Tonery v Planning Bd. of Town of Hamlin,* 256 AD2d 1097, 1098 [1998]).

The remaining contentions of the hospital and the Board are without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.