■ In the Matter of STANLEY AVY et al., Respondents, v TOWN OF AMENIA et al., Appellants. [813 NYS2d 134]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Town Board of the Town of Amenia, both dated September 18, 2003, which adopted a negative declaration under the New York State Environmental Quality Review Act and Local Law No. 1 (2003) of Town of Amenia amending the zoning district designation of a portion of a parcel of land in the Town of Amenia owned by Jack Gregory and Linda Gregory, the appeal is from a judgment of the Supreme Court, Westchester County (Adler, J.), entered August 13, 2004, which granted the petition and annulled the determinations.

Ordered that the judgment is affirmed, without costs or disbursement.

Jack Gregory and Linda Gregory (hereinafter the Gregorys) own a parcel of approximately 7.79 acres of undeveloped land on the westerly side of Route 22 (hereinafter the property) in the Town of Amenia (hereinafter the Town). The property is divided east to west, with 3.18 acres abutting Route 22 zoned as residential—medium density (hereinafter RM), and the remaining 4.61 acres to the west zoned as agricultural density (hereinafter RA). The entire property is located within New York State Agricultural District 21 as depicted in the Town of Amenia Master Plan (hereinafter the Master Plan) map of "Public Lands, Agricultural and Forest Tax Lands."

By letter dated February 19, 2002, and an "Application for Zoning Change," the Gregorys applied to the Amenia Town Board (hereinafter the Town Board) to rezone the approximately three acres of the property zoned RM to general business (hereinafter GB), in order to relocate and expand their existing automobile repair business, Jack's Auto Service, Inc. (hereinaf-

ter Jack's Auto Service), from its location on Route 22 in the southern portion of the Town. They proposed constructing a 6,000 square-foot building on the property for the business. The revised part 1 environmental assessment form (hereinafter EAF) indicated that a total of 1.65 acres of the property would be developed (in contrast to the originally proposed .8 of an acre). It also indicated that approximately 3,000 tons/cubic yards of natural material and approximately 1.65 acres of vegetation would be removed from the property.

The Town Board, as the lead agency, performed an environmental assessment of the project, which it designated as an unlisted action pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). In a revised environment assessment form (hereinafter EAF) part 2, which called for the assessment of the impact of the project and the magnitude of the impact on, among other things, the land, air, plants, wildlife, water quantity and quality, and public health, 14 potential large impacts were identified. The EAF part 3 discussed various mitigation measures that would be undertaken to minimize the effects of, for example, erosion, sedimentation, increase in stormwater runoff, contamination of ground and surface water, the presence of rare and endangered flora and fauna, the impairment of aesthetic resources, and increased odors and noises. Following public hearings and comments, and a review of the revised EAF, the Town Board issued a negative declaration, determining that the environmental effects of the proposed project would not exceed any of the criteria for determining significance found in 6 NYCRR 617.7 (c). The Town thereafter adopted a resolution dated September 18, 2003 enacting Local Law No. 1 (2003) of Town of Amenia amending section 121-9 of the Zoning Law of the Town of Amenia to redesignate the subject property as general business.

The Supreme Court correctly determined that the Town Board, as the lead agency, failed to take the requisite "hard look" at the potentially significant environmental effects of the proposed project. Whether the proposed action was properly classified as type 1 or unlisted, a determination we need not make, the lead agency is still required to determine whether the project may have a significant adverse impact on the environment by taking a hard look at the relevant areas of environmental concern (see 6 NYCRR 617.2 [m]; 617.6 [a] [3]; *Matter of Coppola v Good Samaritan Hosp. Med. Ctr.*, 309 AD2d 862, 863 [2003]).

Judicial review of a negative declaration is strictly limited to whether the lead agency (1) identified the relevant areas of

environmental concern, (2) took a "hard look" at them, and (3) made a "reasoned elaboration" of the basis of its determination (*see Matter of Incorporated Vil. of Poquott v Cahill,* 11 AD3d 536, 540 [2004]). Here, the relevant areas of environmental concern identified in the Gregorys' revised EAF included, inter alia, the integrity of a vital aquifer, the removal of substantial amounts of natural material and vegetation, and the potential presence of endangered species of flora and fauna. The record demonstrates that the negative declaration was made without a hard look having been taken at these issues. Accordingly, the Supreme Court properly annulled the Town Board's determinations approving the negative declaration and Local Law No. 1 of 2003 (*see Matter of Coppola v Good Samaritan Hosp. Med. Ctr., supra* at 863). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur. [*See* 4 Misc 3d 1020(A), 2004 NY Slip Op 50972(U) (2004).]