■ In the Matter of STEVE PIROG et al., Appellants, v SUSAN COCKBURN et al., Respondents. [823 NYS2d 899]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a comprehensive plan for the Town of Montgomery and Local Law No. 4 (2004) of the Town of Montgomery, the petitioners appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 25, 2005, which, upon an order of the same court also dated April 25, 2005, granting the respondents' motion for leave to reargue that branch of the respondents' prior motion which was to dismiss the petition on the ground that it was not ripe for judicial review, which had been determined in an order of the same court dated February 2, 2005, and, upon reargument, granting that branch of the

prior motion, dismissed the petition on the ground that it was not ripe for judicial review.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the petitioners' sixth and seventh causes of action concerning the respondents' adoption of Local Law No. 4 (2004) of the Town of Montgomery; as so modified, the judgment is affirmed, without costs or disbursements, the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and the order dated April 25, 2005, is modified accordingly.

The Supreme Court properly dismissed the causes of action concerning the adoption of the comprehensive plan for the Town of Montgomery (hereinafter the plan) as those causes of action were not ripe for judicial review (see Matter of Alamit Props. Co. v Planning Bd. of Town of Harrison, 159 AD2d 703, 704 [1990]).

However, with respect to the petitioners' arguments concerning the adoption of Local Law No. 4 (2004) of the Town of Montgomery, on the grounds that the respondents did not comply with the State Environmental Quality Review Act and with General Municipal Law § 239-m, the Supreme Court erred in dismissing those causes of action on the ground that they were not ripe for judicial review since the respondents' determinations were final (see Matter of Headriver, LLC v Town Bd. of Town of Riverhead, 2 NY3d 766 [2004]; Avy v Town of Amenia, 4 Misc 3d 1020[A], 2004 NY Slip Op 50972[U] [2004], affd 27 AD3d 557 [2006]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.