■ In the Matter of PRAND CORP. et al., Respondents, v TOWN BOARD OF TOWN OF EAST HAMPTON, Appellant. [911 NYS2d 468]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of East Hampton dated July 6, 2007, which adopted a resolution enacting Local Law No. 25 (2007) of the Town of East Hampton, so as to amend the Open Space Preservation Law set forth in chapter 193 of the Code of the Town of East Hampton, and action for a judgment declaring that Local Law No. 16 (2005) of the Town of East Hampton and Local Law No. 25 (2007) of the Town of East Hampton are null and void, the Town Board of the Town of East Hampton appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated July 9, 2009, as granted the petition to the extent of annulling the determination which adopted the resolution enacting Local Law No. 25 (2007) of the Town of East Hampton as it applies to the real property that is the subject of this hybrid proceeding and action on the ground that Local Law No. 25 (2007) of the Town of East Hampton was enacted in violation of the State Environmental Quality Review Act (ECL art 8).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On May 6, 2005, after five years of surveys, studies, and extensive community input, the Town Board of the Town of East Hampton (hereinafter the Town Board) adopted a new comprehensive plan (hereinafter the 2005 Comprehensive Plan) for the Town of East Hampton. The 2005 Comprehensive Plan, which was the Town's first new comprehensive plan in 21 years, inter alia, established guidelines for land use. After the Town Board adopted the 2005 Comprehensive Plan, it formed a committee, which eventually recommended certain amendments (hereinafter the Open Space Amendments) to the Town's Open Space Preservation Law (see ch 193 of Code of Town of East Hampton). In relevant part, the Open Space Amendments proposed to increase the percentage of real property required to be set aside for the preservation of open space as a condition of

the approval for a subdivision in three residential zones, while relaxing the land-clearing restrictions on the resultant subdivided lots.

The Town Board, acting as the lead agency, determined that the enactment of the Open Space Amendments constituted an "unlisted action" (6 NYCRR 617.2 [ak]) for purposes of the State Environmental Quality Review Act (ECL article 8; hereinafter SEQRA), and prepared a short environmental assessment form (hereinafter the EAF), which concluded that the proposed Open Space Amendments would not have any significant adverse impacts on the environment. On July 6, 2007, three days after the Town Board reviewed the EAF, it issued a negative declaration (see 6 NYCRR 617.2 [y]) pursuant to SEQRA, thus dispensing with the obligation to prepare an environmental impact statement (hereinafter EIS), and enacted the Open Space Amendments as Local Law No. 25 (2007) of the Town of East Hampton (hereinafter Local Law No. 25).

The petitioners/plaintiffs (hereinafter the petitioners), who own three parcels of undeveloped real property in the Town, commenced this hybrid proceeding pursuant to CPLR article 78 seeking, inter alia, to annul Local Law No. 25 on the grounds, among other things, that it was "arbitrary, capricious, unlawful . . . and was adopted in violation of the substantive and procedural requirements of SEQRA," and action for a judgment declaring that both Local Law No. 25 and Local Law No. 16 (2005) of the Town of East Hampton (hereinafter Local Law No. 16), which had, inter alia, initially upzoned the petitioners' lots, are null and void. The Supreme Court dismissed, as untimely, the portion of the proceeding/action which sought a judgment declaring that Local Law No. 16 is null and void, granted the CPLR article 78 petition to the extent of annulling Local Law No. 25 insofar as it applies to the real property that is the subject of this litigation on the ground that it was enacted in violation of SEQRA, and remitted the matter to the Town Board for a full review pursuant to SEQRA. We affirm the judgment insofar as appealed from.

The basic purpose of SEQRA is to incorporate environmental considerations directly into the government's decision-making process "at the earliest possible time" (6 NYCRR 617.1 [c]; see ECL 8-0109 [4]; Matter of Neville v Koch, 79 NY2d 416, 426 [1992]). To that end, SEQRA mandates that all government agencies prepare or request an environmental impact statement (hereinafter an EIS) "on any action they propose or approve which may have a significant effect on the environment" (ECL 8-0109 [2]; cf. 6 NYCRR 617.1 [c]). "Because the operative word

triggering the requirement of an EIS is 'may,' there is a relatively low threshold for the preparation of an EIS" (*Matter of Omni Partners v County of Nassau*, 237 AD2d 440, 442 [1997]; *see Matter of UPROSE v Power Auth. of State of N.Y.*, 285 AD2d 603, 608 [2001]; *Matter of Silvercup Studios v Power Auth. of State of N.Y.*, 285 AD2d 598, 600 [2001]; *Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton*, 205 AD2d 623, 624 [1994]).

The scope of judicial review of a lead agency's threshold SEQRA determination is limited to whether the determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Akpan v Koch*, 75 NY2d 561, 570 [1990]; *Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363 [1986]). Further, in assessing whether a lead agency has complied with statutory requirements, the court must review the record to determine if the agency identified the relevant areas of environmental concern, took a "hard look" at them, and gave a "reasoned elaboration" for its determination (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007] [internal quotation marks omitted]; *see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *Red Wing Props., Inc. v Town of Milan*, 71 AD3d 1109, 1111 [2010]; *Matter of Baker v Village of Elmsford*, 70 AD3d 181, 189-190 [2009]).

Here, a review of the EAF reveals that Local Law No. 25, particularly the more liberal land-clearing allowances permitted thereby, implicates several of the criteria used to determine if a proposed action will have a significant adverse impact on the environment, including, inter alia: (1) a substantial increase in the potential for soil erosion, flooding and drainage problems; (2) the removal of large quantities of vegetation; (3) substantial interference with natural resources in the area; (4) the creation of a material conflict with the community's comprehensive plan; (5) impairment of the existing character of the community; and (6) a substantial increase in the intensity of the land use (*see* 6 NYCRR 617.7 [c] [1]). We agree with the Supreme Court that the Town Board issued a negative declaration without taking the requisite "hard look" at these relevant environmental criteria, and conclude, therefore, that the Supreme Court properly annulled Local Law No. 25 as it applies to the petitioners' real property (*see Matter of Coppola v Good Samaritan Hosp. Med. Ctr.*, 309 AD2d 862, 863 [2003]; *Matter of Munash v Town Bd. of Town of E. Hampton*, 297 AD2d 345, 347 [2002]; *Matter of Silvercup Studios v Power Auth. of State of N.Y.*, 285

AD2d at 600; *Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark*, 253 AD2d 752, 753 [1998]; *cf. Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232-233; *Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 822 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 776 [2005]).

The Town's remaining contentions are without merit. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.