10-3795-cv
Cloverleaf Realty of New York, Inc. v. Town of Wawayanda

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand eleven.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CLOVERLEAF REALTY OF NEW YORK, INC. and SUNRISE PARK REALTY, INC.,

> *Plaintiffs-Appellants,*

v.                                                                No. 10-3795-cv

TOWN OF WAWAYANDA and COUNTY OF ORANGE,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANTS:**          JAMES G. SWEENEY, Goshen, NY.

**FOR APPELLEES:**           ROBERT N. ISSEKS (Richard J. Guertin, *on the brief*), Middletown, NY, *for appellee* Town of Wawayanda.

1

MATTHEW J. NOTHNAGLE, Senior Assistant County Attorney (David L. Darwin, County Attorney, *on the brief*), Goshen, NY, *for appellee* County of Orange.

Appeal from a September 3, 2010 judgment entered in the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiffs-appellants Cloverleaf Realty of New York, Inc. and Sunrise Park Realty, Inc. (jointly, "Cloverleaf") appeal from a September 3, 2010 judgment of the District Court following the issuance of an order granting the summary judgment motions of defendants Town of Wawayanda ("Town") and County of Orange ("County", or, jointly, "defendants"). Cloverleaf brought suit under 42 U.S.C. § 1983 alleging that defendants had violated its right to procedural due process under the Fifth and Fourteenth Amendments when the Town approved, and the County levied, a special assessment on properties owned by Cloverleaf without proper notice. The District Court held that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, deprived it of subject matter jurisdiction over Cloverleaf's suit. We assume the parties' familiarity with the facts and procedural history, which were set forth in our earlier opinion in this matter, *Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 572 F.3d 93 (2d Cir. 2009).

We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is appropriate only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Sousa v. Roque*, 578 F.3d 164 , 169 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the TIA does not speak directly to damage actions brought under 42 U.S.C. § 1983, "[t]he Supreme Court has held that comity bars taxpayers from asserting § 1983 actions against the validity of state tax systems in federal courts." *Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981)). In *Fair Assessment*, the Supreme Court explained that "taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." *Fair Assessment*, 454 U.S. at 116 (footnote omitted).

Cloverleaf concedes that, at least on its face, New York law provides a legal mechanism for challenging "special assessments"—such as those at issue here. However, Cloverleaf argues that (a) New York Town Law §§ 239 and 246 govern the challenge of a special assessment, and (b) these provisions, as interpreted by the New York Court of Appeals, create an absolute bar to any judicial review of the special assessment if the plaintiff failed to appear at the "objectors hearing"—where the proposed assessments were debated and, ultimately, finalized—or failed to file a challenge to the assessment within 30 days of its finalization. *See Garden Homes Woodlands Co. v. Town of Dover*, 95 N.Y.2d 516, 520 (2000) ("The opportunity to appear and object at the hearing provided for under Town Law § 239 is crucial. Unless a property owner appears at such a hearing and objects to the proposed assessment, the owner will be forever barred from challenging the levy and will be responsible for paying the costs imposed.") Cloverleaf claims that since its due process claims are predicated on the fact that it never received notice of the objectors hearing, it had no meaningful or adequate way to challenge the special assessment in state court because the relevant limitations period had already run by the time Cloverleaf had received actual notice.

There are numerous flaws with Cloverleaf's argument. Most notably, when Cloverleaf actually filed its suit in state court, the Supreme Court of New York, Orange County, and the Appellate Division both held that Cloverleaf's challenge to the special assessment was governed by Article 78 of the New York Civil Practice Law and Rules. *See Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 843 N.Y.S.2d 335 (2d Dep't 2007). Accordingly, the Appellate Division held that for its suit to be timely, Cloverleaf only needed to have commenced its action within four months of receiving actual notice of the special assessment itself—a deadline which Cloverleaf failed to meet. *Id.* at 336-37. On appeal, Cloverleaf does not question the adequacy of the procedures provided by the State of New York through Article 78 or the state court determination that Cloverleaf ran afoul of Article 78's four-month limitations period; rather, Cloverleaf contends that since the Appellate Division was entirely silent on the applicability of §§ 239 and 246, the tighter restrictions set forth in those statutes may have provided an independent bar to Cloverleaf's suit. In other words, Cloverleaf maintains that no adequate state remedy was available to it because, even if it had complied with the limitations period set forth in Article 78, it still would have been denied judicial review as a result of the limitations expressed in New York Town Law §§ 239 and 246.

We need not dwell long on this argument because it is based on a misperception of New York law. The New York Court of Appeals has made clear that statutes of limitation are inapplicable in cases where the plaintiff fails to receive notice. *See ISCA Enters. v. City of New York*, 77 N.Y.2d 688, 698 (1991) ("[A] challenge to the constitutionality of a notice provision, where the party had no timely notice, is not barred by the Statute of Limitations."). Indeed, the decision of the state courts not to mention the limitations presented by §§ 239 and 246—even though these provisions were addressed by the parties—was likely calculated in light of the courts' recognition that these statutes would be inapplicable if Cloverleaf lacked proper notice. Accordingly, we have no reason to believe that Cloverleaf's ability to challenge the special assessment in state court would

3

be precluded by the limitations set forth in New York Town Law §§ 239 and 246.  Since New York did provide Cloverleaf with a "plain, adequate, and complete" remedy through Article 78 for challenging the special assessment, we conclude that the District Court correctly determined that it lacked subject matter jurisdiction over Cloverleaf's action seeking to challenge the Town's special assessment on properties owned by Cloverleaf.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court