In the Matter of 22-50 JACKSON AVENUE ASSOCIATES, L.P., et al., Appellants, v SUFFOLK COUNTY WATER AUTHORITY, Respondent. [46 NYS3d 637]—

In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Farneti, J.), dated June 2, 2014, which, upon an order of the same court dated January 23, 2014, denying that branch of the petition/complaint which was to annul resolution 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 of the Suffolk County Water Authority, directing the dismissal of the cause of action for relief pursuant to CPLR article 78, and denying the petitioners/plaintiffs' motion for summary judgment declaring the subject resolution invalid, and searching the record and awarding summary judgment to the Suffolk

County Water Authority, in effect, declaring the subject resolution valid, is in favor of the Suffolk County Water Authority and against them, declaring resolution 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 of the Suffolk County Water Authority valid and dismissing the cause of action for relief pursuant to CPLR article 78.

Ordered that the judgment is reversed, on the law, with costs, that branch of the petition/complaint which was to annul resolution 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 of the Suffolk County Water Authority based on lack of prior notice and opportunity to be heard is granted, that branch of the petitioners/plaintiffs' motion which was for summary judgment declaring the subject resolution invalid and void based on lack of proper prior notice and opportunity to be heard is granted, the order dated January 23, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment in accordance herewith.

22-50 Jackson Avenue Associates, L.P., and Pilgrim East, L.P. (hereinafter together the beneficial owners), are the developers of two parcels of real property located in the Town of Islip. The subject property, described as the Heartford Town Center Project, was the site of the former Pilgrim State Hospital. The beneficial owners plan to construct a large mixed-use development at this site. In or about 2003, the beneficial owners sought to have the property rezoned; as of 2009, the Town had not yet enacted the zoning changes needed for the planned development of the subject property. The beneficial owners informed the Suffolk County Water Authority (hereinafter the Water Authority) regarding potential water needs for the subject property.

Insofar as relevant to this appeal, on June 30, 2009, the Water Authority adopted resolution 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, which imposed on the "developer" the cost of construction of new water mains to be built at a location apart from the subject property (hereinafter the 2009 resolution). According to the Water Authority, new water mains are necessary to provide adequate water supply to the planned redevelopment project. In particular, the first new water main, known as "Water Main #1," is needed to supply water to "Phase I" of the planned redevelopment. In the 2009 resolution, the Water Authority directed that, upon construction of the project and application for water service, the developer would be required to pay the actual cost of construction of Water Main #1, estimated to be $254,910. The 2009 resolution also provided that the developer would be liable for the cost of two additional water mains that would be needed to supply water to the remainder of this planned project.

The beneficial owners, as the developers of the subject property, commenced this hybrid CPLR article 78 proceeding and action against the Water Authority, inter alia, seeking to vacate and annul the 2009 resolution. The beneficial owners moved for summary judgment declaring the subject resolution invalid. In an order dated January 23, 2014, the Supreme Court denied that branch of the petition/complaint which was to annul the resolution and directed the dismissal of the cause of action for relief pursuant to CPLR article 78, denied the beneficial owners' summary judgment motion, and searched the record and awarded summary judgment to the Water Authority, in effect, declaring the subject resolution valid. In the judgment appealed from, the court declared the subject resolution valid. The beneficial owners appeal from the judgment.

Contrary to the Supreme Court's finding, this matter is ripe for judicial review in light of, inter alia, the final nature of the 2009 resolution (*see Matter of Pirog v Cockburn*, 34 AD3d 819, 820 [2006]; *see also Realtime Data, LLC v Melone*, 104 AD3d 748, 751-752 [2013]).

Pursuant to Public Authorities Law § 1078 (6), the Water Authority is authorized, generally, to impose a surcharge, such as the surcharge at issue in this matter (*see* Public Authorities Law § 1078 [6]; *see also id.* § 1078 [9], [13]). Nonetheless, the record shows that the Water Authority, in enacting the 2009 resolution, failed to provide proper prior notice of the proposed action to the beneficial owners and an opportunity to be heard. Where a municipality seeks to impose a special tax assessment upon a property owner, due process requires that the property owner be granted prior notice and a right to appear (*see Garden Homes Woodlands Co. v Town of Dover*, 95 NY2d 516, 519 [2000]).

Under the circumstances here, the "surcharge" imposed by the 2009 resolution is analogous to a special tax assessment, requiring that the property owner be given prior notice and a right to appear (*see id.* at 519; *see also Matter of McCann v Scaduto*, 71 NY2d 164, 176-177 [1987]; *see generally Matter of Phillips v Town of Clifton Park Water Auth.*, 286 AD2d 834, 834 [2001]). A representative of the beneficial owners averred in an affidavit that they received no prior notice of the Board meeting at which the 2009 resolution was adopted. The Water Authority submitted a copy of a meeting notice and agenda, and the Chief Executive Officer of the Water Authority averred that, prior to the meeting, that agenda was published in a newspaper and posted on the Water Authority website;

however, the Water Authority failed to provide proof of publication of the agenda or any evidence of service of the agenda upon the beneficial owners, although the addresses of the beneficial owners were known to the Water Authority.

Under these circumstances, the Water Authority enacted the 2009 resolution in violation of lawful procedure, which required prior notice and an opportunity to be heard to have been provided to the beneficial owners (*see Garden Homes Woodlands Co. v Town of Dover*, 95 NY2d at 519; *see also Matter of McCann v Scaduto*, 71 NY2d at 176-177), and the beneficial owners are entitled to a judgment declaring that the subject resolution is invalid as enacted without proper prior notice and opportunity to be heard (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Similarly, that branch of the petition/complaint which was to annul the 2009 resolution based on lack of proper prior notice and opportunity to be heard must be granted.

Accordingly, we remit this matter to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment, inter alia, declaring resolution 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 of the Suffolk County Water Authority invalid and void based on lack of proper prior notice and opportunity to be heard (*see id.*). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.