REAL ESTATE BOARD OF NEW YORK, INC., et al., Respondents, v
CITY OF NEW YORK et al., Appellants.

First Department, May 31, 1990

### APPEARANCES OF COUNSEL

*Debra A. Hochman* of counsel *(Edward J. Reilly* with her on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for respondents.

*Elizabeth I. Freedman* of counsel *(Francis F. Caputo* and *Virginia Waters* with her on the brief; *Peter L. Zimroth,* attorney), for appellants.

### OPINION OF THE COURT

Asch, J.

We find that the City of New York *et al.,* fully complied with the applicable environmental laws when it issued a negative declaration as to the need for an environmental impact statement with respect to the proposed zoning amendment.

Studies by independent consultants, and the city itself, showed an increasing conversion of industrial loft space in the Garment Center into office space. This presented a danger that apparel manufacturing would be forced out of the area, a serious threat to the economic future of New York City. Accordingly, a special garment center district was proposed to stem the conversion of manufacturing space into offices. Under the proposed zoning change, a preservation area would be recognized, comprehending 12 blocks from 35th Streets to 40th Streets and from Broadway to Ninth Avenues. Out of 30 million square feet in the entire Garment Center, the city estimates there would be a designation of no more than 8 million square feet in a total of 105 buildings as part of the preservation area, in order to make sure that the city has at least a minimal amount of available space for manufacturing.

The plan was so sensitive to other real estate needs that it restricted manufacturing uses of this center to only the midblock spaces, excluding frontages on all the avenues, which could be developed into higher renting showrooms or converted into offices.

Pursuant to Executive Order No. 91, entitled City Environmental Quality Review (CEQR), promulgated to implement the State Environmental Quality Review Act (ECL art 8—SEQRA), the designated colead agencies of the city, the Department of City Planning (DCP) and the Department of Environmental Protection (DEP), upon studying the short- and long-term and primary and secondary effects of the proposed new special garment center district, issued a negative declaration stating that the zoning action would not result in any "significant effects that would require an Environmental Impact Statement".

The Court of Appeals has recently noted: "As we stated in *Matter of Jackson v New York State Urban Dev. Corp.* (67 NY2d 400, 416), 'it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'. * * * The limited issue presented for our review is whether the respondents identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for their determination" *(Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364).

As the record clearly shows, the DCP and DEP took a "hard look" at the impact the special district would or might have on the existing neighborhood and community character, existing land use patterns, development, population growth, air quality, traffic noise and infrastructure *(see,* 6 NYCRR 617.11; CEQR § 6 [a]) and determined that as the special district was developed to *preserve* space for manufacturing which otherwise might be converted to office use, it would *not* stimulate growth or development and, therefore, would not change the existing environmental conditions.

The IAS court accepted, arguendo, petitioners' contentions that the proposed zoning change preserving the special character of the Garment Center had the *potential* for environmental changes, *if* the manufacturing space was not rentable as such and remained vacant. However, CEQR is concerned with the effect of changes on "existing patterns of population

concentration" and "existing community or neighborhood character" (CEQR § 1 [f]) and "it is not arbitrary and capricious or a violation of existing law for the agency, when it takes its 'hard look' and makes its 'reasoned determination' under SEQRA, to ignore speculative environmental consequences which might arise" *(Matter of Industrial Liaison Comm. v Williams,* 72 NY2d 137, 143).

Accepting on its face the arguments of petitioners and the conclusions reached by the nisi prius court, in effect, would negate the entire statutory scheme and mandate the preparation of the environmental impact statement in every conceivable case, since every "action", even though *not* a change, must have the "potential" for environmental changes.

Here the city, pursuant to statute, identified the areas of environmental concern, took a "hard look" at them and made a "reasoned determination" that the zoning change establishing the special garment center district, preserving manufacturing uses, not extending or changing existing uses, would not have a significant impact on the environment. While the questions raised by petitioners have relevance as to the correctness and viability of the proposed zoning, they are not within the ambit of SEQRA and CEQR and, perhaps, may be addressed in another more appropriate forum.

■ Petitioners' argument that the city failed to consider the long-term adverse socioeconomic impacts of the rezoning relies, in part, on *Chinese Staff & Workers Assn. v City of New York (supra).* However, the CEQR review of the special district, undertaken in the case before this court, carefully examined whether the proposal would result in the displacement of local residents and businesses. The DCP and DEP determined that the special district was designed to preserve existing neighborhood and population patterns, rather than change its community character, and to slow the trend towards conversion of manufacturing space to office use. The city, thus, fully complied with the Court of Appeals mandate in *Chinese Staff,* which requires the consideration of socioeconomic impacts under CEQR (but, significantly, does not necessarily require the preparation of an environmental impact statement where such impacts are reasonably determined not to have a significant effect on the environment within the meaning of CEQR). *(Supra,* at 368, 373 [Wachtler, Ch. J., and Hancock, Jr., J., concurring and dissenting in part].)

The recent case decided by this court *(Akpan v Koch,* 152 AD2d 113, *affd* 75 NY2d 561) supports this conclusion.

What is perhaps overlooked by the petitioners is that the effort by the city is designed to *preserve* rather than *change* the existing neighborhood character. What should not be ignored, as well, is that these activities in the Garment Center, in terms of business establishment, employment, occupied space and volume of business, is critical to the economic well-being of New York City and State.

In any event, the applicable law was fully complied with. Appellants identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for their determination that the amendment to the zoning resolution establishing the special garment center district would not have a significant effect on the environment, and the negative declaration was issued in full compliance with all procedural and substantive requirements of SEQRA and CEQR. The court below, therefore, erred in vacating the Board of Estimate's determination and directing the filing of an environmental impact statement.

Accordingly, the judgments of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), both entered on August 18, 1989, which, *inter alia,* granted the petition to vacate the Board of Estimate determination rezoning the subject district and directed the city to file an environmental impact statement, should be reversed, on the law and facts, to the extent appealed from, and the consolidated action dismissed with a declaration that the filing of an environmental impact statement was not required herein, without costs or disbursements.

KUPFERMAN, J. P., MILONAS, KASSAL and SMITH, JJ., concur.

Judgments, Supreme Court, New York County, both entered on August 18, 1989, unanimously reversed, on the law and facts, to the extent appealed from, without costs and without disbursements, and the consolidated action dismissed with a declaration that the filing of an environmental impact statement was not required herein.