■ In the Matter of BERNARD J. CARPENTER et al., Appellants, v CITY OF ITHACA PLANNING BOARD et al., Respondents. —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 29, 1992 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Ithaca Planning Board adopting a negative declaration of environmental impact of a proposed subdivision.

The question presented on this appeal is whether respondent City of Ithaca Planning Board (hereinafter respondent) took a hard look at areas of environmental significance, specifically at the impact of surface water drainage and runoff, and provided a reasoned elaboration for its determination.

In February 1992, respondent House Craft Builders, Inc. applied to respondent for approval of its plans to subdivide a five-acre parcel of real property it owns in the City of Ithaca, Tompkins County. The City had adopted its own environmental quality review act (Code of City of Ithaca ch 176). Pursuant to Code of City of Ithaca § 290-6 respondent designated itself as the lead agency for environmental quality review and designated the project to be "type I" (Code of City of Ithaca § 176-12 [B] [1] [g]). Both a short environmental assessment form and a long environmental assessment form were completed by House Craft. Public comment and investigation of the site were completed and the resolution declaring a negative environmental impact was adopted on March 24, 1992.

Petitioners' property lies directly across the street from House Craft's property and is bounded by a creek that carries

runoff from House Craft's property. Petitioners initiated this CPLR article 78 proceeding seeking annulment of respondent's determination. House Craft was granted permission to intervene in the proceeding. Supreme Court subsequently found that respondent identified and took a hard look at potential environmental issues and rationally concluded that the construction, taking into account planned mitigation measures, would have no significant impact. Supreme Court stated that respondent "was well aware of the draining-runoff issue raised by petitioners and that they considered and weighed the evidence in respect thereto". Petitioners appeal from the dismissal of the petition.

Judicial review of the determination is to insure that the lead agency took the requisite hard look at the areas of environmental concern and made a reasoned elaboration of the basis for its determination that they posed no significant environmental effects (see, Matter of WEOK Broadcasting Corp. v Planning Bd., 79 NY2d 373, 383; Real Estate Bd. v City of New York, 157 AD2d 361, 363). We conclude that respondent failed to take a hard look at the drainage issue. The record reveals* the potential drainage and runoff concerns were brought to the attention of respondent. The long environmental assessment form apprised respondent that drainage and runoff aggravated by removal of vegetation and steep slopes could be a problem. The Conservation Advisory Council suggested that based on the lack of site and soil analysis and testing, a positive declaration should be adopted. A United States Department of Agriculture representative expressed concern about runoff and surface drainage. The record indicates that soil testing and analysis of information derived therefrom had not been completed. It therefore appears that testing of the soil and analysis related to drainage concerns were not completed before respondent's determination. Thus, respondent failed to take the requisite hard look and its determination should be annulled (see, Matter of Town of Dickinson v County of Broome, 183 AD2d 1013; Matter of West Branch Conservation Assn. v Planning Bd., 177 AD2d 917).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs,

---

* Respondent's argument that material submitted subsequent to its determination should be considered on appeal is rejected because it was not part of the record before respondent at the time of its determination (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 426-427).

determination annulled and matter remitted to respondent City of Ithaca Planning Board for further proceedings not inconsistent with this Court's decision.