■ In the Matter of PETER TONERY, Appellant, v PLANNING BOARD OF TOWN OF HAMLIN, Respondent. [682 NYS2d 776] —Judgment unanimously reversed on the law with costs, petition granted in part and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner appeals from a judgment denying his petition seeking to annul site plan approval given by respondent for a 50-acre golf course to be constructed in the Town of Hamlin on property located in a residential—very low density zone (R-VL), in which a golf course is a permitted use. We agree with petitioner that respondent failed to take the requisite hard look at issues of environmental concern prior to issuing a negative declaration and also failed to provide a reasoned elaboration for its determination of nonsignificance.

"[T]he threshold as to whether a Type I action requires an [environmental impact statement] is a low one" (*Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.*, 106 AD2d 868, 870, *appeal dismissed* 66 NY2d 896, citing *H.O.M.E.S. v New York*

*State Urban Dev. Corp.,* 69 AD2d 222, 232). Before issuing a declaration of nonsignificance, the lead agency must take a hard look at the relevant areas of environmental concern. If such is not done, "there is a danger that the subsequent finding, made after the [environmental assessment form] is reviewed, would merely be a 'rubber stamp' or afterthought" (*Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 371). Further, the lead agency must provide a reasoned elaboration for its determination of nonsignificance. Conclusory statements, "unsupported by empirical or experimental data, scientific authorities or any explanatory information will not suffice as a reasoned elaboration for its determination of environmental significance or nonsignificance" (*Matter of Tehan v Scrivani,* 97 AD2d 769, 771; *see also, Leibring v Planning Bd.,* 144 AD2d 903).

Respondent failed to take the requisite hard look at several areas of environmental concern that were identified, including traffic, stormwater runoff, the type of pesticides that would be utilized, and the effect of the project on wildlife habitats. The record establishes that the negative declaration was issued before much of the documentation concerning those areas of environmental concern was submitted to respondent (*see, Matter of Carpenter v City of Ithaca Planning Bd.,* 190 AD2d 934, 935). Further, the statement issued by respondent in support of the negative declaration was conclusory and unsupported. Given those deficiencies, the decision of respondent to issue a negative declaration was arbitrary and capricious, and the resolution approving the site development plan must be annulled. We remit the matter to respondent to make a "proper determination of environmental significance" (*Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd., supra,* at 870). We have examined the remaining issues raised by petitioner and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—CPLR art 78.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ. [As amended by unpublished order entered Mar. 19, 1999.]