JOSEPH TUPPER, as President and on Behalf of Syracuse Property Owners Association, et al., Respondents, v CITY OF SYRACUSE et al., Appellants. [897 NYS2d 573]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 21, 2009 in a declaratory judgment action. The judgment, among other things, declared that General Ordinance No. 39 of 2007 of the City of Syracuse is invalid.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that General Ordinance No. 39 of 2007 of the City

of Syracuse (Ordinance 39) is invalid because defendant Planning Commission of City of Syracuse (Planning Commission) failed to issue a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) with respect to the environmental impact of Ordinance 39 upon the University District in defendant City of Syracuse. Ordinance 39 requires, inter alia, that owner-occupied properties that are sold to an absentee owner must have a certificate of suitability. Pursuant to Ordinance 39, the certificate of suitability will not be issued to an absentee owner if the property does not meet off-street parking regulations. Those regulations are based on the one-to-one ratio of parking spaces to "potential bedrooms" and on lot sizes. Supreme Court granted plaintiffs' motion for partial summary judgment in part and declared Ordinance 39 invalid based on the failure of defendants to comply with SEQRA. We affirm.

We reject defendants' contention that the court erred in determining that plaintiffs, with the exception of plaintiff Benjamin Tupper (hereafter, plaintiffs), have standing to commence this action. Plaintiffs consist of absentee owners of properties in the University District that may be impacted by the enactment of Ordinance 39, as well as an association of property owners in the University District. The absentee owner plaintiffs must obtain a certificate of suitability if they have not previously done so, and they must obtain a new certificate of suitability in the event that they make changes to the "interior or exterior components" of their respective properties. Contrary to defendants' contention, plaintiffs are not barred from challenging the SEQRA review based on their failure to allege the likelihood of environmental harm. Inasmuch as plaintiffs are "challeng[ing] . . . the SEQRA review undertaken as part of a zoning [ordinance amendment, they] . . . need not allege the likelihood of environmental harm . . . In those circumstances, the 'property owner has a legally cognizable interest in being assured that [defendants] satisfied SEQRA before taking action to [amend the zoning ordinance]' " (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996], quoting *Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 529 [1989]).

Although we conclude that the Planning Commission properly identified certain areas of environmental concern as a result of the public hearing with respect to Ordinance 39, including whether the availability of housing for students would be affected, whether homes would remain vacant, and whether yards would be paved, we nevertheless conclude that the record fails

to establish that the Planning Commission "took a hard look at [the areas of environmental concern] . . . and made a reasoned elaboration of the basis for its determination" (*Matter of Fleck v Town of Colden*, 16 AD3d 1052, 1054 [2005] [internal quotation marks omitted]). Defendants contend that the requisite "reasoned elaboration" is contained in the resolution that was adopted by the Planning Commission to amend the zoning regulations to include Ordinance 39 and that the "whereas" clause of that resolution constituted the negative declaration. We reject that contention inasmuch as "[c]onclusory statements, 'unsupported by . . . data . . . will not suffice as a reasoned elaboration for its determination of environmental significance or nonsignificance' " (*Matter of Tonery v Planning Bd. of Town of Hamlin*, 256 AD2d 1097, 1098 [1998]). Furthermore, we note that the "whereas" clause fails to comply with the technical requirements for a negative declaration contained in 6 NYCRR 617.12. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.