Matter of Up State Tower Co., LLC v Village of Lakewood (2019 NY Slip Op 06286)





Matter of Up State Tower Co., LLC v Village of Lakewood


2019 NY Slip Op 06286


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


559 CA 18-01717

[*1]IN THE MATTER OF UP STATE TOWER CO., LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
VILLAGE OF LAKEWOOD, AND VILLAGE BOARD OF VILLAGE OF LAKEWOOD, INCLUDING MAYOR CARA BIRRITIERI, TRUSTEE DAVID DISALVO, TRUSTEE RANDALL HOLCOMB, TRUSTEE ELLEN BARNES, TRUSTEE SUSAN DRAGO, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF VILLAGE OF LAKEWOOD BOARD OF TRUSTEES, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






BARCLAY DAMON LLP, SYRACUSE (ANDREW J. LEJA OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
LAW OFFICES OF RICHARD E. STANTON, BUFFALO (RICHARD E. STANTON OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered January 26, 2018 in a proceeding pursuant to CPLR article 78 and a declaratory judgment action. The judgment granted the motion of respondents-defendants to dismiss the third amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and fourth causes of action, and as modified the judgment is affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioner-plaintiff (petitioner) appeals from a judgment granting the motion of respondents-defendants (respondents) to dismiss the third amended petition-complaint. Petitioner had entered into a purchase agreement for real property located in respondent-defendant Village of Lakewood (Village) and thereafter filed an application with the Village seeking approval for construction of a wireless telecommunications tower on that property. During the pendency of that application, the Village adopted Local Law 4-2016, which amended the Village's zoning law and, among other things, instituted various fees and application requirements for those seeking approval to construct wireless telecommunication facilities.
Petitioner then commenced this proceeding-action raising various challenges to Local Law 4-2016. Petitioner's application to build a telecommunications tower remained pending during this matter. Supreme Court thereafter granted respondents' motion and dismissed each of petitioner's six causes of action on the ground that petitioner lacked standing.
As an initial matter, we note that petitioner does not challenge the court's dismissal of the fifth cause of action, alleging that Local Law 4-2016 is an illegal ex post facto zoning regulation. Thus, petitioner has abandoned any contentions with respect to the dismissal of that cause of action (see generally Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd., 253 AD2d 342, 345 [4th Dept 1999]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We also conclude that the court properly granted those parts of respondents' motion [*2]seeking dismissal of the second, third, and sixth causes of action, which each challenged Local Law 4-2016 on the basis of alleged violations of the Municipal Home Rule Law, because petitioner failed to demonstrate that it was harmed by those alleged statutory violations (see Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 680 [2d Dept 2012]; cf. Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 87 [2d Dept 2007], lv dismissed 12 NY3d 793 [2009], lv dismissed 15 NY3d 817 [2010]). Thus, petitioner failed to establish standing with respect to those causes of action.
We agree with petitioner, however, that the court erred in granting the motion with respect to the first cause of action, which alleged violations of the State Environmental Quality Review Act (ECL art 8), and we therefore modify the judgment accordingly. Petitioner established standing to assert that cause of action by demonstrating that it had a property interest in the Village that was impacted by the amendment to the zoning law effected by Local Law
4-2016, and was not required to allege the likelihood of environmental harm (see Tupper v City of Syracuse, 71 AD3d 1460, 1461 [4th Dept 2010]).
We likewise agree with petitioner that the court erred in granting the motion with respect to the fourth cause of action, alleging that Local Law 4-2016 imposes an illegal fee, and thus we further modify the judgment accordingly. Petitioner established standing to assert that cause of action by demonstrating that it had a property interest in property to which Local Law 4-2016, and the relevant fee, applies. Further, respondents took the position that petitioner must submit the fee in connection with its pending application pertaining to that property (cf. Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga, 267 AD2d 973, 974 [4th Dept 1999]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court