Matter of Seneca Meadows, Inc. v Town of Seneca Falls (2021 NY Slip Op 04836)





Matter of Seneca Meadows, Inc. v Town of Seneca Falls


2021 NY Slip Op 04836


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


507 CA 20-01397

[*1]IN THE MATTER OF THE APPLICATION OF SENECA MEADOWS, INC., PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF SENECA FALLS AND TOWN OF SENECA FALLS TOWN BOARD, RESPONDENTS-DEFENDANTS-RESPONDENTS. CONCERNED CITIZENS OF SENECA COUNTY, INC. AND DIXIE D. LEMMON, INTERVENORS-RESPONDENTS. 






NIXON PEABODY LLP, ROCHESTER (RICHARD A. MCGUIRK OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
BOYLAN CODE LLP, ROCHESTER (DAVID K. HOU OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.
DOUGLAS H. ZAMELIS, COOPERSTOWN, FOR INTERVENORS-RESPONDENTS.


 Appeal from an order and judgment (one paper) of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered May 5, 2020 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment granted the motions of respondents-defendants and intervenors to dismiss the petition-complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motions are denied, and the petition-complaint is reinstated.
Memorandum: Petitioner-plaintiff (petitioner) has operated a solid waste disposal facility in respondent-defendant Town of Seneca Falls (Town) for several decades pursuant to lawfully-issued permits issued by the New York State Department of Environmental Conservation (DEC). Respondent-defendant Town of Seneca Falls Town Board (Town Board) enacted the Town of Seneca Falls Local Law #3 of 2016 (2016 Law), effective December 30, 2016, which prohibited solid waste disposal facilities in the Town but permitted existing facilities that operate pursuant to a valid DEC permit to continue to operate for the duration of the permit, but not beyond December 31, 2025. In February 2017, petitioner commenced a proceeding/action challenging the 2016 Law (first proceeding). On May 5, 2017, the Town Board enacted the Town of Seneca Falls Local Law No. 2 of 2017 (2017 Law), which rescinded the 2016 Law. Believing that the first proceeding was now moot, petitioner voluntarily discontinued it without prejudice. In the meantime, however, a third party commenced a CPLR article 78 proceeding challenging the 2017 Law and, in an order dated October 16, 2017, Supreme Court (Kocher, A.J.) granted the petition and annulled the 2017 Law, thus effectively reinstating the 2016 Law. Petitioner then commenced the instant proceeding/action on November 15, 2017 (second proceeding). Intervenors and the Town and Town Board moved to dismiss the second proceeding pursuant to CPLR 3211 (a) (1), (5), and (7). Supreme Court (Doyle, J.) granted the motions, and we now reverse.
We agree with petitioner that the court erred in granting those parts of the motions seeking to dismiss the first, second, and fourth causes of action as untimely. It is well settled that a CPLR "[a]rticle 78 proceeding[] must be commenced within four months after the determination to be reviewed becomes 'final and binding' upon the petitioner" (New York State [*2]Assn. of Counties v Axelrod, 78 NY2d 158, 165 [1991], quoting CPLR 217 [1]). The 2016 Law was enacted and filed with the New York State Department of State on December 30, 2016, which was a final and binding determination that began the running of the statute of limitations (see Matter of Clear Channel Outdoor, Inc. v Town Bd. of Town of Windham, 9 AD3d 802, 804 [3d Dept 2004]), and petitioner commenced the first proceeding within four months of that date. We reject the contention of intervenors and the Town and Town Board, however, that the second proceeding was untimely because it was commenced more than four months after December 30, 2016. We conclude that the Town Board, by enacting the 2017 Law that repealed the 2016 Law, created "ambiguity and uncertainty" as to when the statute of limitations began to run with respect to the 2016 Law (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978]; see New York State Assn. of Counties, 78 NY2d at 166; Matter of Musilli v New York State & Local Police & Fire Dept. Sys., 249 AD2d 826, 827 [3d Dept 1998]).
"The burden is on the administrative agency to demonstrate the existence of a final and binding determination . . . and any ambiguity or uncertainty created by the agency must be construed against it" (Matter of Turner v Bethlehem Cent. School Dist., 265 AD2d 640, 641 [3d Dept 1999]; see Mundy, 44 NY2d at 358). The enactment of the 2017 Law rendered the first proceeding moot, and it was properly discontinued by petitioner (see generally Bergstol v Town of Monroe, 305 AD2d 348, 348-349 [2d Dept 2003]; Bergstol v Town of Monroe, 296 AD2d 431, 431 [2d Dept 2002], lv denied 98 NY2d 614 [2002]). When the 2016 Law was effectively reinstated after the 2017 Law was annulled by the court, petitioner had four months from that time to commence the second proceeding. Although intervenors and the Town and Town Board contend that the limitations period began to run when the 2016 Law was enacted, and that petitioner failed to protect its rights with respect to the 2016 Law because there were other steps petitioner could have taken instead of voluntarily discontinuing the first proceeding, we conclude that the blame must be cast upon the Town Board for creating the uncertainty regarding the finality of the 2016 Law by enacting the 2017 Law, and we must resolve the ambiguity against it and not deny petitioner its day in court (see Mundy, 44 NY2d at 358).
We further agree with petitioner that the court erred in granting those parts of the motions seeking to dismiss its third cause of action, alleging a deprivation of substantive due process. "To state a substantive due process claim in the land-use context, petitioner must allege (1) the deprivation of a protectable property interest and (2) that the governmental action was wholly without legal justification" (Matter of Upstate Land & Props., LLC v Town of Bethel, 74 AD3d 1450, 1452 [3d Dept 2010] [internal quotation marks omitted]; see Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627-628 [2004]; Town of Orangetown v Magee, 88 NY2d 41, 52-53 [1996]; Jones v Town of Carroll, 122 AD3d 1234, 1239 [4th Dept 2014], lv denied 25 NY3d 910 [2015]). With respect to the first prong, in its pleading petitioner stated a vested property interest in continuing to operate its solid waste disposal facility inasmuch as petitioner alleged that it had "a vested property right arising from substantial expenditures pursuant to a lawful permit" (Bower Assoc., 2 NY3d at 628), i.e., that it had made substantial investments and improvements to the facility, which it operated for decades pursuant to lawfully-issued permits issued by the DEC (see Jones v Town of Carroll, 15 NY3d 139, 145-146 [2010], rearg denied 15 NY3d 820 [2010]).
With respect to the second prong of the substantive due process claim, " 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense' " (Bower Assoc., 2 NY3d at 628). Applying the appropriate standard of review on a motion to dismiss pursuant to CPLR 3211 (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that petitioner made sufficient allegations that the 2016 Law was "without legal justification and motivated entirely by political concerns" to state a cause of action for deprivation of substantive due process (Magee, 88 NY2d at 53; see generally Acquest Wehrle, LLC v Town of Amherst, 129 AD3d 1644, 1648 [4th Dept 2015], appeal dismissed 26 NY3d 1020 [2015]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court