Matter of Seneca Meadows, Inc. v Town of Seneca Falls (2025 NY Slip Op 06961)

Matter of Seneca Meadows, Inc. v Town of Seneca Falls

2025 NY Slip Op 06961

Decided on December 16, 2025

Court of Appeals

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 16, 2025

No. 125 

[*1]In the Matter of Seneca Meadows, Inc., Appellant,
v
Town of Seneca Falls, et al., Respondents, Dixie C. Lemmon, et al., Respondents.

William E. Reynolds, for appellant.
Robert S. Rosborough IV, for respondents Dixie C. Lemmon et al.

RIVERA, J.

This appeal concerns a Local Law passed by the Town of Seneca Falls Town Board (the Board) that would require the closure of a major landfill within the Town of Seneca Falls by December 31, 2025. The issues before us are whether petitioner-plaintiff Seneca Meadows, Inc (SMI), which owns and operates the landfill, has standing to challenge the Local Law based on an alleged violation of the State Environmental Quality Review Act (SEQRA), and whether respondents-defendants Dixie D. Lemmon and Concerned Citizens of Seneca County, Inc. may raise a statute of limitations argument that a prior nonfinal order of the Appellate Division resolved.
We hold, in accordance with our clearly established precedent, that SMI has standing as an affected property owner to challenge the Board's compliance with SEQRA. Further, under the current procedural posture of this litigation, we do not review respondents-defendants' statute of limitations argument. Therefore, we reverse and remit the matter to the Appellate Division to consider the merits of SMI's SEQRA claim.
I.
A.
The Board Prohibits SMI's Landfill Operations
SMI owns and operates the only solid waste management facility in the Town of Seneca Falls. Following years of residents' complaints regarding odors emanating from the facility's operations, the Board passed Local Law No. 3 (the 2016 Law), which became effective on December 30, 2016. The 2016 Law prohibits solid waste disposal facilities from operating in the Town, but it excepted existing facilities that operate pursuant to a valid Department of Environmental Conservation permit until that permit expires or until December 31, 2025.
At a public hearing in November 2016, the Town Attorney advised the Board that before passing the law, it was "required to take a hard look at the action and determine its environmental significance" under SEQRA, but that such a SEQRA review was not before the Board that evening and would be conducted at a later date. At this same hearing, Annette Lutz, the Board Member who introduced the proposed 2016 Law, submitted for consideration two documents drafted by her attorney: a short SEQRA Environmental Assessment Form (EAF) and a negative declaration to be issued by the Board that the 2016 Law would not have a significant adverse environmental impact. The other Board members had not seen these documents prior to the hearing, but they nonetheless voted to adopt both at this same hearing. One week later, the Board adopted the 2016 Law.
B.
SMI's SEQRA Challenges
This appeal reaches us after a rather convoluted procedural history starting in February 2017, when SMI filed a combined CPLR article 78 proceeding and declaratory judgment action against the Town and the Board in Supreme Court. SMI challenged the 2016 Law on various grounds, including, as relevant here, that the Board violated SEQRA requirements including by failing to take the required "hard look" at relevant areas of environmental concern.[FN1]
In May 2017—after the 2016 November election and the resulting change in the Board's membership—the Board enacted Local Law No. 2 (2017 Law), which became effective May 26, 2017, rescinding the 2016 Law. On June 14, 2017, SMI voluntarily discontinued its action/proceeding without prejudice. One week prior to SMI's discontinuance, a third party commenced a separate CPLR article 78 proceeding challenging the 2017 Law, and, in October 2017, Supreme Court granted that petition and annulled the 2017 Law, effectively reinstating the 2016 Law.
One month after the 2016 Law was reinstated, in November 2017, SMI commenced the underlying combined article 78 proceeding and declaratory judgment action against the Town and the Board in Supreme Court, again raising, among other claims, the Board's SEQRA compliance.[FN2] Specifically, SMI asserts that the Board failed to take a "hard look" at the relevant areas of environmental concern as SEQRA requires. In 2019, Dixie D. Lemmon and Concerned Citizens of Seneca County, Inc. (Concerned Citizens) intervened as respondents-defendants.[FN3] Respondents-defendants, the Town, and the Board subsequently moved to dismiss the action/proceeding, and [*2]Supreme Court granted the motion on statute of limitations grounds. In 2021, the Appellate Division reversed and remanded, holding that SMI's SEQRA claim was not time-barred (197 AD3d 932, 933-934 [4th Dept 2021] [hereinafter 2021 decision]). Respondents-defendants and the Town moved for leave to appeal in this Court, which we dismissed for nonfinality (38 NY3d 997 [2022]).
In July 2022, SMI moved for partial summary judgment on the SEQRA cause of action to declare the 2016 Law invalid. In August 2022, the Board voted not to defend the 2016 Law in this action/proceeding going forward and thus did not oppose SMI's partial summary judgment motion. However, respondents-defendants opposed the motion, contending that SMI lacked standing to assert that cause of action. Supreme Court granted the motion for partial summary judgment, declaring the 2016 Law invalid.[FN4] In doing so, Supreme Court held that SMI had standing and that the Board failed to take a hard look at potential environmental issues that the closure of the landfill would cause when the Board determined, without reasoned elaboration, that the 2016 Law would not have any significant adverse environmental impacts.
In 2024, the Appellate Division reversed Supreme Court's judgment, denied SMI's motion for partial summary judgment, and vacated the declaration (233 AD3d 1430 [4th Dept 2024], appeal dismissed, 43 NY3d 954 [2025]). In a 3-2 decision, the majority concluded that SMI lacked standing because it failed to establish that "it had suffered or would suffer an environmental injury" (id. at 1431). The dissent would have affirmed the judgment based on this Court's prior decisions in Matter of Har Enters. v Town of Brookhaven (74 NY2d 524 [1989]) and Gernatt Asphalt Prods. v Town of Sardinia (87 NY2d 668 [1996]), which held that the owner of property that is subject to a proposed governmental action need not allege an environmental injury to have standing to assert a SEQRA claim, and because the Board here failed to comply with SEQRA requirements for the reasons stated by Supreme Court (id. at 1433-1434 [Smith, J.P., & Bannister, J., dissenting]).
We dismissed SMI's appeal as of right on nonfinality grounds, as SMI's non-SEQRA claims remained pending (43 NY3d 954 [2025]). The parties thereafter stipulated to discontinue the non-SEQRA claims "with prejudice." SMI now appeals as of right from the stipulation to bring up for review the prior nonfinal 2024 Appellate Division order holding that SMI lacked standing (see CPLR 5601 [d]).
II.
SMI's Standing as an Affected Property Owner
SMI asserts that it has standing to allege a SEQRA violation under Har (see 74 NY2d at 526) and Gernatt (see 87 NY2d at 687), because the 2016 Law directly affects its property. The Town and the Board have not appeared on this appeal to defend the 2016 Law, but respondents-defendants Lemmon and Concerned Citizens argue that SMI lacks standing because it failed to allege that it would suffer any environmental consequences stemming from the 2016 Law. We agree with SMI that it has standing to challenge the Board's SEQRA compliance.
"SEQRA is designed to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources . . . by injecting environmental considerations directly into governmental decision making; thus the statute mandates that social, economic and environmental factors shall be considered together in reaching decisions on proposed activities" (Har, 74 NY2d at 528 [internal quotation marks and citations omitted]). Standing to sue under SEQRA, as with other statutory causes of action, requires that the plaintiff establish an injury-in-fact and that the in-fact injury fall within the zone of interest that the statute protects (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-775 [1991]; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433 [1990]). Thus, to sue under SEQRA, a plaintiff must ordinarily show that their injury falls within the statute's environmental zone of interest by "demonstrat[ing] that it will suffer an injury that is environmental and not solely economic in nature" (Mobil Oil, 76 NY2d at 433).
However, Har established that "no such specific allegation [of environmental harm] is necessary" when the petitioner's property is "the very subject" of the government's action (74 NY2d at 526). That case involved a rezoning of the petitioner's property from commercial to residential use (id. at 527). As the Court explained, "[i]t seems evident that if any party should be held to have a sufficient interest to object—without having to allege some specific harm—it is an owner of property which is the subject of a contemplated rezoning" (id. at 529). Following that ruling, a few years later, the Court held in Gernatt that a landowner whose potential mining operations would be eliminated by rezoning was directly impacted by the governmental land use regulation and thus had standing under Har to challenge the government's lack of compliance with SEQRA (87 NY2d at 687-688).
Applying Har and Gernatt here, the result is obvious. Just as both the landowner whose commercial development would be blocked by the rezoning in Har and the property owner whose intended mining operations would be prohibited by the zoning ordinance in Gernatt had standing to challenge the respective defendant's compliance with SEQRA simply due to their status as impacted property owners, SMI also has standing based solely on its ownership of the land subject to the 2016 Law. As in Har, SMI "has a legally cognizable interest in being assured that the [T]own satisfied SEQRA before taking action to" prohibit the operation of SMI's waste facility (74 NY2d at 527-528).
III.
Statute of Limitations
Respondents-defendants alternatively argue that SMI's claim is time-barred because it was filed beyond the applicable four-month limitations period from when the 2016 Law became effective. SMI counters that the statute of limitations issue is not reviewable because the Appellate Division already rejected that claim in its 2021 decision and, under CPLR 5501 (b), we may not review that decision on this appeal as of right. SMI asserts that the sole nonfinal determination of the Appellate Division that is properly before this Court is the Appellate Division's 2024 order regarding standing (233 AD3d 1430; see Gilroy v American Broadcasting Co., 46 NY2d 580, 586 [1979] [explaining that the Court's "review power on a (CPLR 5601 [d]) appeal is narrowly circumscribed and reaches only the prior nonfinal determination of the Appellate Division upon which the appeal is predicated" (internal quotation marks and citations omitted)]). We conclude that, under the procedural posture of this appeal, respondents-defendants' statute of limitations argument should not be reviewed at this juncture, as the parties will litigate the merits of the SEQRA claim to a final determination on remittal.
Accordingly, the Appellate Division order brought up for review upon appeal from the parties' stipulation, should be reversed, with costs, and the action/proceeding remitted to the Appellate Division, for further proceedings in accordance with this opinion.
Appellate Division order brought up for review upon appeal from stipulation reversed, with costs, and action/proceeding remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Halligan and Shulman concur. Judge Troutman took no part.
Decided December 16, 2025

Footnotes

Footnote 1: SMI also alleged several non-SEQRA claims that: Board Member Lutz's bias and/or conflict of interest disqualified her from voting on the negative declaration and the 2016 Law; the Board violated SMI's substantive due process rights; and the Board's action was arbitrary, capricious, and/or illegal.
Footnote 2: Additionally, SMI brought the same non-SEQRA claims that it alleged in its initial action/proceeding filed in February 2017 (see n 1, supra).
Footnote 3: Concerned Citizens of Seneca County, Inc. described itself as a nonprofit corporation "organized and committed to ensuring that Seneca County's air, soil, water and environment are clean and healthful." Lemmon is a member and officer of the organization who also owns property and resides near SMI's landfill.
Footnote 4: Supreme Court further determined that, pursuant to the parties' stipulation, the record was complete and that the "parties will not submit any further proofs."